United States District Court
Southern District of Texas
FILED

OCT 0 5 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ADELA CANO, Individually and on behalf of her minor son, ABRAHAM CANO § § § | |
| VS. § | CIVIL ACTION NO. B-01-156 |
| § SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, HERIBERTO VILLARREAL, AND PETER GUERRERO § § § § § | |

**DEFENDANT PETER GUERRERO'S MOTION TO STAY DISCOVERY PENDING PRELIMINARY RESOLUTION OF THE ISSUE OF QUALIFIED IMMUNITY AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW DEFENDANT PETER GUERRERO, INDIVIDUALLY and files this, his Motion to Stay Discovery Pending Resolution of the issue of Qualified Immunity and in support thereof would show this Honorable Court as follows:

1) The Defendant moves that all discovery in this case be stayed until the United States District Court resolves whether or not Plaintiff has stated a claim against the individual Defendant which may, on its face, overcome the defense of qualified immunity. The Defendant Peter Guerrero, Individually, has specifically pled the defense of qualified immunity which protects him from both financial liability and the burden of litigation because his conduct does not violate clearly established constitutional rights of which a reasonable person would have known. *Harlow vs. Fitzgerald*, 457

US 800 (1982). The benefits of immunity from suit, and the burdens associated therewith, would be lost if plaintiff was permitted to conduct discovery where defendant is entitled to qualified immunity.

2) In order to determine whether or not the individual defendant is entitled to qualified immunity, the Court should first look to the plaintiffs complaint to see whether the plaintiff has stated a claim which violates clearly established law. *Seigert vs. Gilley* 111 S. Ct. 1789, 1793 (1991). Where the plaintiff has not stated a claim, the Fifth Circuit advocates use of Federal Rule of Civil Procedure 7(a) to require plaintiff to state a violation of a clearly established constitutional right. *Schultea v. Wood* 47 F3rd 1427, 1433 (5th Cir. 1994) (en banc). This detailed Rule 7(a) reply must set forth with particularity all material facts on which plaintiff contends he will be able to establish his rights to recovery, including detailed facts supporting the contention that the plea of immunity cannot be sustained. *Schultea*, 47 F.3d at 1434.

3) The Plaintiff should not be permitted to conduct discovery so long as the individual defendant is still a party to the case, until Plaintiff can tender a Rule 7(a) reply to the United States District Court and states how qualified immunity can be overcome. *Shultea v. Wood* 47 F3rd 1427, 1433b (5th Cir. 1994) (en banc). The Fifth Circuit in *Shultea* provided the District Courts with guidance in dealing with the issue of when and to what degree discovery may be permitted against defendant sued in their individual capacities under 42 U.S.C. § 1983.

> "First, the District court must insist that a plaintiff suing a public official under § 1983, file a short and plain statement of his complaint, a statement that rests on more than conclusions alone. Second, the court may, in its discretion, insist that a plaintiff file a reply tailored to an answer pleading the defense of qualified immunity. Vindicating the immunity doctrine will ordinarily require such a reply, and a district

court's discretion not to do so is narrow indeed when greater detail might assist. The district court may ban discovery at this threshold pleading stage and may limit any necessary discovery to the defense of qualified immunity. *The district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts.*

*Schultea v. Wood* 47 F.3d 1427,1434 , (5th Cir. 1994).

4) Defendant Guerrero in this case has set forth the defense of qualified immunity. The Defendant has alleged in his answer that he has violated no clearly established constitutional right and that Plaintiff has not stated any claim against Defendant Guerrero for which the defense of qualified immunity would not apply.

Wherefore, Defendant Peter Guerrero, Individually respectfully requests that all discovery in this case be stayed so long as he is a party to this suit in his individual capacity until the Plaintiff can either amend his pleadings or provide a response pursuant to Federal Rule of Civil Procedure 7(a) which will overcome the defense of qualified immunity to the defendant.

Signed on the  5th  day of  October , 2001.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Boulevard
Brownsville, Texas 78521
Telephone      : (956) 541-1846
Facsimile       : (956) 541-1893

BY: *Eileen Leeds*
EILEEN M. LEEDS
State Bar No.00791093
Federal I. D. No. 10699

**ATTORNEY FOR DEFENDANT
PETER GUERRERO**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing DEFENDANT PETER GUERRERO'S MOTION TO STAY DISCOVERY PENDING PRELIMINARY RESOLUTION OF THE ISSUE OF QUALIFIED IMMUNITY AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES has been served by mailing same, Certified Mail, Return Receipt Requested to all counsel of record, as follows:

**(Via CMRRR#7000-1670-0002-2277-5723)**
Mr. J. Arnold Aguilar
LAW OFFICE OF J. ARNOLD AGUILAR
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, Texas 78520

on this _5th_ day of October, 2001.

_____
EILEEN M. LEEDS

## CERTIFICATE OF CONFERENCE

I, EILEEN M. LEEDS, do hereby certify that I attempted to contact Plaintiff's attorney to inquire whether he would oppose this Motion and he has not responded. I believe Plaintiff's counsel is opposed to Defendant Peter Guerrero's Motion to Stay Discovery Pending Preliminary Resolution of the Issue of Qualified Immunity and Supporting Memorandum of Points and Authorities.

_____
EILEEN M. LEEDS

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ADELA CANO, Individually and on behalf of her minor son, ABRAHAM CANO | § § § | |
| VS. | § § | CIVIL ACTION NO._____ |
| SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, HERIBERTO VILLARREAL, AND PETER GUERRERO | § § § § | |

**ORDER SETTING HEARING ON DEFENDANT
PETER GUERRERO'S MOTION TO STAY DISCOVERY**

On this _____ day of _____, 2001, came on to be considered Defendant Peter Guerrero's Motion to Stay Discovery in the above-styled and numbered cause.

IT IS THEREFORE ORDERED that said motion is hereby set for hearing on the _____ day of _____, 2001, at _____ o'clock \_\_\_\_.m.

SIGNED FOR ENTRY this _____ day of _____, 2001.

_____
UNITED STATES DISTRICT JUDGE PRESIDING

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ADELA CANO, Individually and on behalf of her minor son, ABRAHAM CANO § § § | |
| VS. § | CIVIL ACTION NO._____ |
| § SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, HERIBERTO VILLARREAL, AND PETER GUERRERO § § § § § | |

**ORDER GRANTING DEFENDANT PETER GUERRERO'S
MOTION TO STAY DISCOVERY**

On the _____ day of _____, 2001, came on to be considered Defendant Peter Guerrero's Motion to Stay Discovery. The Court, after reading said motion, is of the opinion that such should be GRANTED.

IT IS THEREFORE ORDERED, ADJUDGED and DECREED that Defendant Peter Guerrero's Motion to Stay Discovery is hereby GRANTED.

SIGNED on this the _____ day of _____, 2001.

_____
UNITED STATES DISTRICT JUDGE PRESIDING

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ADELA CANO, Individually and on behalf of her minor son, ABRAHAM CANO | § § § | |
| VS. | § § | CIVIL ACTION NO._____ |
| SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, HERIBERTO VILLARREAL, AND PETER GUERRERO | § § § § | |

**ORDER SETTING HEARING ON DEFENDANT
PETER GUERRERO'S MOTION TO STAY DISCOVERY**

On this _____day of_____, 2001, came on to be considered Defendant Peter Guerrero's Motion to Stay Discovery in the above-styled and numbered cause.

IT IS THEREFORE ORDERED that said motion is hereby set for hearing on the _____ day of _____, 2001, at _____ o'clock \_\_\_\_.m.

SIGNED FOR ENTRY this _____ day of _____, 2001.

_____
UNITED STATES DISTRICT JUDGE PRESIDING

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ADELA CANO, Individually and on behalf of her minor son, ABRAHAM CANO § § § | |
| VS. § | CIVIL ACTION NO._____ |
| § | |
| SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, HERIBERTO VILLARREAL, AND PETER GUERRERO § § § § | |

**ORDER GRANTING DEFENDANT PETER GUERRERO'S
MOTION TO STAY DISCOVERY**

On the _____ day of _____, 2001, came on to be considered Defendant Peter Guerrero's Motion to Stay Discovery. The Court, after reading said motion, is of the opinion that such should be GRANTED.

IT IS THEREFORE ORDERED, ADJUDGED and DECREED that Defendant Peter Guerrero's Motion to Stay Discovery is hereby GRANTED.

SIGNED on this the _____ day of _____, 2001.

_____
UNITED STATES DISTRICT JUDGE PRESIDING