7

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 0 5 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| ADELA CANO, Individually and on behalf of her minor son, ABRAHAM CANO § § § | |
| VS. § | CIVIL ACTION NO. B-01-156 |
| § | |
| SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, HERIBERTO VILLARREAL, AND PETER GUERRERO § § § § | |

**DEFENDANT PETER GUERRERO'S MOTION FOR RULE 7(A) REPLY IN RESPONSE TO DEFENDANT'S DEFENSE OF QUALIFIED IMMUNITY**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE;

COMES NOW Defendant PETER GUERRERO, INDIVIDUALLY, and files this, his Motion for a Federal Rule of Civil Procedure 7(a) Response to address the Defense of Qualified Immunity and in support thereof would show this Honorable Court as follows:

1) The Individual Defendant, Peter Guerrero, is a school teacher for the San Benito Consolidated Independent School District. Plaintiff is Adela Cano, individually, and on behalf of her minor son, Abraham Cano. Plaintiff seeks money damages under 42 U.S.C. § 1983 for violation of Abraham Cano's Fourth, Fifth, Eighth, and Fourteenth Amendment rights.

2) The Defendant has raised the defense of qualified immunity and has pled in his Original Answer that Plaintiff has failed to set forth how the Defendant violated Plaintiff's clearly established constitutional rights of which any reasonable person would have known. This is Plaintiff's burden to overcome the defense of qualified immunity. *Harlow vs. Fitzgerald* 457 US 800 (1982).

3) Qualified immunity protects government officials who perform discretionary functions from liability "unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." *Gibson v. Rich*, 44 F.3d 274, 276 (C.A.5 (Tex.) 1995). The qualified immunity analysis is a two-step process. First, a court must determine whether the Plaintiff has alleged the violation of a constitutional right. *Hale v. Townley*.45 F.3d 914,917, (C.A.5 (La.) 1995). Second, if the Plaintiff has alleged a constitutional violation, the court must decide if the conduct was objectively reasonable in light of clearly established law at the time that the challenged conduct occurred. *Id* at 917. "The touchstone of this inquiry is whether a reasonable person would have believed that his conduct conformed to the constitutional standard in light of the information available to him and the clearly established law." *Goodson v. Corpus Christi*, 202 F.3d 730, 736 (5th Cir.2000).

4) Defendant requests that the Court order the Plaintiff to file a response pursuant to Federal Rule of Civil Procedure 7(a) to set forth how Plaintiff may maintain a cause of action against the individual defendant which may overcome the defense of qualified immunity. In *Schultea v. Wood*, 47 F3d 1427, (5th Cir 1995), that Court held that when a public official pleads the affirmative defense of qualified immunity in his answer, the district court may, on the official's motion or on its own, require the Plaintiff to reply to the qualified immunity defense in detail. The Plaintiff's reply must be tailored to the assertion of qualified immunity and fairly engage its allegations. *Id.* Furthermore, the rule 7(a) response must be pled with 'factual detail and particularity,' not mere conclusory allegations." *Jackson v. Widnall*, 99 F.3d 710, 715-16 (5th Cir.1996) (quoting *Schultea*, 47 F.3d at 1430).

Wherefore, Defendant prays that Plaintiff be ordered to provide a response to Plaintiff's petition pursuant to Federal Rule of Civil Procedure 7(a) and furthermore that Plaintiff be ordered to specify facts which overcome Defendant's Qualified Immunity, specifically; (1) factual allegations establishing how the Defendant acted to violate any clearly established constitutional right of Plaintiff's, and (2) facts which establish how Defendant violated a clearly established constitutional right of which Defendant should have known.

Signed on the __5__ day of __October__, 2001.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Boulevard
Brownsville, Texas 78521
Telephone   : (956) 541-1846
Facsimile    : (956) 541-1893

BY: _____*Eileen Leeds*_____
EILEEN M. LEEDS
State Bar No. 00791093
Federal I.D. No. 16799

**ATTORNEY FOR DEFENDANT
PETER GUERRERO**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing DEFENDANT PETER GUERRERO'S MOTION FOR RULE 7(A) REPLY IN RESPONSE TO DEFENDANT'S DEFENSE OF QUALIFIED IMMUNITY has been served by mailing same, Certified Mail, Return Receipt Requested to all counsel of record, as follows:

**(Via CMRRR#7000-1670-0002-2277-5723)**
Mr. J. Arnold Aguilar
LAW OFFICE OF J. ARNOLD AGUILAR
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, Texas 78520

on this 5th day of October, 2001.

_____
EILEEN M. LEEDS

## CERTIFICATE OF CONFERENCE

I, EILEEN M. LEEDS, do hereby certify that I attempted to contact Plaintiff's attorney to inquire whether he would oppose this Motion and he has not responded. I believe Plaintiff's counsel is opposed to Defendant Peter Guerrero's Motion for Rule 7(A) Reply in Response to Defendant's Defense of Qualified Immunity.

_____
EILEEN M. LEEDS

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ADELA CANO, Individually and on behalf of her minor son, ABRAHAM CANO | § § § | |
| VS. | § § | CIVIL ACTION NO._____ |
| SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, HERIBERTO VILLARREAL, AND PETER GUERRERO | § § § § | |

**ORDER SETTING HEARING ON DEFENDANT
PETER GUERRERO'S MOTION FOR RULE 7(A) REPLY IN
RESPONSE TO DEFENDANT'S DEFENSE OF QUALIFIED IMMUNITY**

On this _____ day of _____, 2001, came on to be considered Defendant Peter Guerrero's Motion For Rule 7(A) Reply in Response to Defendant's Defense of Qualified Immunity in the above-styled and numbered cause.

IT IS THEREFORE ORDERED that said motion is hereby set for hearing on the _____ day of _____, 2001, at _____ o'clock _____.m.

SIGNED FOR ENTRY this _____ day of _____, 2001.

_____
UNITED STATES DISTRICT JUDGE PRESIDING

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ADELA CANO, Individually and on behalf of her minor son, ABRAHAM CANO | § § § | |
| VS. | § | CIVIL ACTION NO._____ |
| | § | |
| SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, HERIBERTO VILLARREAL, AND PETER GUERRERO | § § § § | |

**ORDER GRANTING DEFENDANT PETER GUERRERO'S MOTION FOR RULE 7(A) REPLY IN RESPONSE TO DEFENDANT'S DEFENSE OF QUALIFIED IMMUNITY**

On the _____ day of _____, 2001, came on to be considered Defendant Peter Guerrero's Motion for Rule 7 (A) Reply in Response to Defendant's Defense of Qualified Immunity. The Court, after reading said motion, is of the opinion that such should be GRANTED.

IT IS THEREFORE ORDERED, ADJUDGED and DECREED that Defendant Peter Guerrero's Motion For Rule 7 (A) Reply in Response to Defendant's Defense of Qualified Immunity is hereby GRANTED.

SIGNED on this the _____ day of _____, 2001.

_____
UNITED STATES DISTRICT JUDGE PRESIDING