

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

JAN 0 7 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ADELA CANO, individually and on | § | |
| behalf of her minor son, ABRAHAM CANO | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. B-01-156 |
| SAN BENITO CONSOLIDATED | § | |
| INDEPENDENT SCHOOL DISTRICT, | § | |
| HERIBERTO VILLARREAL, AND | § | |
| PETER GUERRERO | § | |

**MOTION TO STAY DISCOVERY PENDING PRELIMINARY RESOLUTION**
**OF THE ISSUE OF QUALIFIED IMMUNITY AND**
**SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES OF**
**DEFENDANTS SAN BENITO CONSOLIDATED**
**INDEPENDENT SCHOOL DISTRICT AND HERIBERTO VILLARREAL**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COME NOW DEFENDANTS SAN BENITO CONSOLIDATED INDEPENDENT

SCHOOL DISTRICT ("San Benito C.I.S.D.") and HERIBERTO VILLARREAL, and file this

Motion to Stay Discovery Pending Resolution of the Issue of Qualified Immunity, and in support

thereof, would show this Honorable Court as follows:

1.      Defendants San Benito C.I.S.D. and Heriberto Villarreal move that all discovery in

this case be stayed until the United States District Court resolves whether or not Plaintiff has stated

a claim against Defendants, which may, on its face, overcome the defense of qualified immunity.

The Defendant Heriberto Villarreal , individually, has specifically pled the defense of qualified

immunity which protects him from both financial liability and the burden of litigation because his

1

conduct does not violate clearly established constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 US 800 (1982). The benefits of immunity from suit, and the burdens associated therewith, would be lost if Plaintiff was permitted to conduct discovery where Defendant is entitled to qualified immunity.

2.      As asserted by Counsel for Defendant Peter Guerrero, in order to determine whether or not the individual defendant is entitled to qualified immunity, the Court should first look to the plaintiff's complaint to see whether the plaintiff has stated a claim which violates clearly established law. *Seigert v. Gilley*, 111 S. Ct. 1789, 1793 (1991). Where the plaintiff has not stated a claim, the Fifth Circuit advocates use of Federal Rule of Civil Procedure 7(a) to require plaintiff to state a violation of a clearly established constitutional right. *Schultea v. Wood*, 47 F3rd 1427, 1433 (5th Cir. 1994) (en banc). This detailed Rule 7(a) reply must set forth with particularity all material facts on which plaintiff contends he will be able to establish his rights to recovery, including detailed facts supporting the contention that the plea of immunity cannot be sustained. *Schultea*, 47 F.3d at 1434.

3.      Defendants San Benito C.I.S.D. and Heriberto Villarreal agree with the assertions of Counsel for Defendant Guerrero that the Plaintiff should not be permitted to conduct discovery so long as the individual Defendant is still a party to the case, until Plaintiff can tender a Rule 7(a) reply to the United States District Court and states how qualified immunity can be overcome. *Shultea v. Wood*, 47 F3rd 1427, 1433b (5th Cir. 1994) (en banc). The Fifth Circuit in *Shultea* provided the District Courts with guidance in dealing with the issue of when and to what degree discovery may be permitted against defendants sued in their individual capacities under 42 U.S.C. § 1983.

> First, the District court must insist that a plaintiff suing a public official under § 1983, file a short and plain statement of his complaint, a statement that rests on more

than conclusions alone. Second, the court may, in its discretion, insist that a plaintiff file a reply tailored to an answer pleading the defense of qualified immunity. Vindicating the immunity doctrine will ordinarily require such a reply, and a district court's discretion not to do so is narrow indeed when greater detail might assist. The district court may ban discovery at this threshold pleading stage and may limit any necessary discovery to the defense of qualified immunity. *The district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged act.*

4.     Defendant Villarreal in this case has set forth the defense of qualified immunity. The Defendant has alleged in his answer that he has violated no clearly established constitutional right and that Plaintiff has not stated any claim against Defendant Villarreal for which the defense of qualified immunity would not apply.

WHEREFORE, Defendant San Benito C.I.S.D. and Defendant Heriberto Villarreal, individually, respectfully request that all discovery in this case be stayed so long as they are parties to this suit until the Plaintiff can either amend her pleadings or provide a response pursuant to Federal Rule of Civil Procedure 7(a) which will overcome the defense of qualified immunity to the Defendant.

Signed on the 4th day of January, 2002.

Respectfully submitted,

EWBANK & BYROM, P.C.
221 West 6th Street, Suite 900
Austin, Texas 78701
Telephone: (512) 476-1080
Facsimile: (512) 476-7770

By: _____
        JAMES E. BYROM
        State Bar No. 03568100
        Federal No. 6874

**ATTORNEYS FOR DEFENDANT**
**HERIBERTO VILLARREAL**

## CERTIFICATE OF CONFERENCE

On December 12, 2001, J. Arnold Aguilar, attorney for Plaintiff, was contacted by telephone by my paralegal, and Mr. Aguilar stated that he opposes the filing of this motion.

_____
JAMES E. BYROM

## CERTIFICATE OF SERVICE

On the 4th day of January, 2002, a true and correct copy of Defendant Heriberto Villarreal's Motion to Stay Discovery Pending Resolution of the Issue of Qualified Immunity was mailed certified mail, return receipt requested to:

*Via Certified Mail, RRR# 7001 1140 0000 7377 1762*
Mr. J. Arnold Aguilar
Law Office of J. Arnold Aguilar
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, Texas 78520

*Via Certified Mail, RRR# 7001 1140 0000 7377 1779*
Ms. Eileen M. Leeds
Willette & Guerra, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Boulevard
Brownsville, Texas 78521

JAMES E. BYROM

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **ADELA CANO, individually and on** | § | |
| **behalf of her minor son, ABRAHAM CANO** | § | |
| | § | |
| **VS.** | § | |
| | § | **CIVIL ACTION NO. B-01-156** |
| **SAN BENITO CONSOLIDATED** | § | |
| **INDEPENDENT SCHOOL DISTRICT,** | § | |
| **HERIBERTO VILLARREAL, AND** | § | |
| **PETER GUERRERO** | § | |

## ORDER ON MOTION TO STAY DISCOVERY
## PENDING PRELIMINARY RESOLUTION
## OF THE ISSUE OF QUALIFIED IMMUNITY OF
## DEFENDANTS SAN BENITO CONSOLIDATED
## <u>INDEPENDENT SCHOOL DISTRICT AND HERIBERTO VILLARREAL</u>

On the _____ day of January 2002, came on to be considered Motion to Stay Discovery of

Defendants San Benito Consolidated Independent School District and Heriberto Villareal. The

Court, after reading said motion, is of the opinion that such should be GRANTED.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the Motion to Stay

Discovery of Defendants  San Benito Consolidated Independent School District and Heriberto

Villarreal is hereby GRANTED.

SIGNED the _____ day of January, 2002.

_____
UNITED STATES DISTRICT JUDGE PRESIDING

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **ADELA CANO, individually and on** | § | |
| **behalf of her minor son, ABRAHAM CANO** | § | |
| | § | |
| **VS.** | § | |
| | § | **CIVIL ACTION NO. B-01-156** |
| **SAN BENITO CONSOLIDATED** | § | |
| **INDEPENDENT SCHOOL DISTRICT,** | § | |
| **HERIBERTO VILLARREAL, AND** | § | |
| **PETER GUERRERO** | § | |

**ORDER SETTING HEARING ON MOTION TO STAY DISCOVERY
PENDING PRELIMINARY RESOLUTION
OF THE ISSUE OF QUALIFIED IMMUNITY OF
DEFENDANTS SAN BENITO CONSOLIDATED
INDEPENDENT SCHOOL DISTRICT AND HERIBERTO VILLARREAL**

On the _____ day of January, 2002, came on to be considered Motion to Stay Discovery

Pending Preliminary Resolution of the Issue of Qualified Immunity of Defendants San Benito

Consolidated Independent School District and Heriberto Villarreal in the above styled and numbered

cause.

IT IS, THEREFORE, ORDERED that said motion of Defendants San Benito Consolidated

Independent School District and Heriberto Villarreal, is hereby set for hearing on the _____ day of

_____, 2002.

SIGNED this _____ day of January, 2002.

_____
UNITED STATES DISTRICT JUDGE PRESIDING