16

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 0 7 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ADELA CANO, individually and on behalf of her minor son, ABRAHAM CANO | § § § | |
| VS. | § § | CIVIL ACTION NO. B-01-156 |
| SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, HERIBERTO VILLARREAL, AND PETER GUERRERO | § § § § § | |

**DEFENDANT HERIBERTO VILLARREAL'S
MOTION FOR RULE 7(A) REPLY IN RESPONSE TO
DEFENDANT'S DEFENSE OF QUALIFIED IMMUNITY**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW DEFENDANT HERIBERTO VILLARREAL, and files this Motion for a Federal Rule of Civil Procedure 7(a) Response to address the defense of Qualified Immunity as previously filed by counsel for Defendant Peter Guerrero, and in support thereof, would show this Honorable Court as follows:

1.     The individual Defendant, Heriberto Villarreal, is Principal of the Ninth Grade Academy, San Benito High School, San Benito, Cameron County, Texas. Plaintiff is Adela Cano, individually, and on behalf of her minor son, Abraham Cano. Plaintiff seeks money damages under 42 U.S.C. § 1983 for violation of Abraham Cano's Fourth, Fifth, Eighth and Fourteenth Amendment rights.

2. This Defendant has raised the defense of qualified immunity and has pled in his Original Answer that Plaintiff has failed to set forth how the Defendant violated Plaintiff's clearly established constitutional rights of which any reasonable person would have known. This is Plaintiff's burden to overcome the defense of qualified immunity. *Harlow v. Fitzgerald*, 457 US 800 (1982).

3. As stated by Counsel for Defendant Peter Guerrero in her motion, Qualified Immunity protects government officials who perform discretionary functions from liability "unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." *Gibson v. Rich*, 44 F.3d 274, 276 (C.A.5 (Tex.) 1995). The Qualified Immunity analysis is a two-step process. First, a court must determine whether the Plaintiff has alleged the violation of a constitutional right. *Hale v. Townley*, 45 f.3d 914, 917 (C.A.5 (La.) 1995). Second, if the plaintiff has alleged a constitutional violation, the court must decide if the conduct was objectively reasonable in light of clearly established law at the time that the challenged conduct occurred. *Id* at 917. "The Touchstone of this inquiry is whether a reasonable person would have believed that his conduct conformed to the constitutional standard in light of the information available to him and the clearly established law." *Goodson v. Corpus Christi*, 202 F.3d 730, 736 (5th Cir. 2000).

4. This Defendant also requests that the Court order the Plaintiff to file a response pursuant to Federal Rule of Civil Procedure 7(a) to set forth how Plaintiff may maintain a cause of action against the individual Defendant which may overcome of the defense of Qualified Immunity. As asserted by counsel for Defendant Guerrero, in *Shultea v. Wood*, 47 F.3d 1427, (5th Cir. 1995),

that Court held that when a public official pleads the affirmative defense of qualified immunity in his answer, the district court may, on the official's motion or on its own, require the Plaintiff to reply to the qualified immunity defense in detail. The Plaintiff's reply must be tailored to the assertion of qualified immunity and fairly engage its allegations. *Id.* Furthermore, the Rule 7(a) response must be pled with 'factual detail and particularity,' not mere conclusory allegations. *Jackson v. Widnall*, 99 F.3d 710, 715-716 (5th Cir. 1996) (quoting *Schultea*, 47 F.3d at 1430).

WHEREFORE, Defendant Heriberto Villarreal prays that Plaintiff be ordered to provide a response to Plaintiff's petition pursuant to Federal Rule of Civil Procedure 7(a) and furthermore that Plaintiff be ordered to specify facts which overcome Defendant's Qualified Immunity, specifically: (1) factual allegations establishing how this Defendant acted to violate any clearly established constitutional right of Plaintiff's, and (2) facts which establish how this Defendant violated a clearly established constitutional right of which this Defendant should have known.

Signed the 4th day of January, 2002.

Respectfully submitted,

EWBANK & BYROM, P.C.
221 West 6th Street, Suite 900
Austin, Texas 78701
Telephone: (512) 476-1080
Facsimile: (512) 476-7770

By: _____
JAMES E. BYROM
State Bar No. 03568100
Federal No. 6874

**ATTORNEYS FOR DEFENDANT HERIBERTO VILLARREAL**

## CERTIFICATE OF CONFERENCE

On December 12, 2001, J. Arnold Aguilar, attorney for Plaintiff, was contacted by telephone by my paralegal, and Mr. Aguilar stated that he opposes the filing of this motion.

_____
JAMES E. BYROM


## CERTIFICATE OF SERVICE

On the 4th day of January, 2002, a true and correct copy of Defendant Heriberto Villarreal's Motion for Rule 7(a) Reply in Response to Defendant's Defense of Qualified Immunity was mailed certified mail, return receipt requested to:

*Via Certified Mail, RRR# 7001 1140 0000 7377 1762*
Mr. J. Arnold Aguilar
Law Office of J. Arnold Aguilar
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, Texas 78520

*Via Certified Mail, RRR# 7001 1140 0000 7377 1779*
Ms. Eileen M. Leeds
Willette & Guerra, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Boulevard
Brownsville, Texas 78521

_____
JAMES E. BYROM

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ADELA CANO, individually and on behalf of her minor son, ABRAHAM CANO | § § § | |
| VS. | § § § | CIVIL ACTION NO. B-01-156 |
| SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, HERIBERTO VILLARREAL, AND PETER GUERRERO | § § § § | |

**ORDER ON DEFENDANT HERIBERTO VILLARREAL'S
MOTION FOR RULE 7(A) REPLY IN RESPONSE TO
DEFENDANT'S DEFENSE OF QUALIFIED IMMUNITY**

The Motion for Rule 7(a) Reply in Response to Defendant's Defense of Qualified Immunity of Defendant Heriberto Villarreal came before the Court.

The Court finds that said motion should be granted.

IT IS, THEREFORE, ADJUDGED, ORDERED AND DECREED that Plaintiff Adelo Cano, individually and on behalf of her minor son, Abraham Cano provide a response to Plaintiff's petition pursuant to Federal Rule of Civil Procedure 7(a).

FURTHER, Plaintiff is ORDERED to specify facts which overcome Defendant's Qualified Immunity.

SIGNED the _____ day of January, 2002.

_____
UNITED STATES DISTRICT JUDGE PRESIDING

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ADELA CANO, individually and on behalf of her minor son, ABRAHAM CANO | § § § | |
| VS. | § § | CIVIL ACTION NO. B-01-156 |
| SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, HERIBERTO VILLARREAL, AND PETER GUERRERO | § § § § § | |

ORDER SETTING HEARING ON
DEFENDANT HERIBERTO VILLARREAL'S MOTION FOR RULE 7(A)
REPLY IN RESPONSE TO DEFENDANTS' DEFENSE OF QUALIFIED IMMUNITY

On the _____ day of January, 2002, came on to be considered Defendant Heriberto Villarreal's Motion for Rule 7(A) Reply in Response to Defendants' Defense of Qualified Immunity in the above styled and numbered cause.

IT IS, THEREFORE, ORDERED that said motion of Defendant Heriberto Villarreal, is hereby set for hearing on the _____ day of _____, 2002.

SIGNED this _____ day of January, 2002.

_____
UNITED STATES DISTRICT JUDGE PRESIDING