Case 1:01-cv-00156   Document 19   Filed in TXSD on 01/28/2002   Page 1 of 2

19

United States District Court
Southern District of Texas
FILED
JAN 28 2002
Michael N. Milby, Clerk of Court

# Civil Courtroom Minutes

| | |
|---|---|
| JUDGE | Hilda G. Tagle |
| CASE MANAGER | Stella Cavazos |
| LAW CLERK | ☐ Roberts   ■ Lehrman |
| DATE | 1 — 28 — 02 |
| TIME | 2:06 p.m. — 2:31 p.m. |
| CIVIL ACTION | B — 01 — 156 |
| STYLE | Cano *versus* San Benito School District et al. |

DOCKET ENTRY

(HGT)  Initial Pre-Trial Hearing;     (Court Reporter: Breck Record)

Attorney(s) for Plaintiff(s):     J. Arnold Aguilar

Attorney(s) for Defendant(s):    James Byrom (Ewbank & Byrom) for Defendants Villareal and School District.

Eileen Leeds for Peter Guerrerro

■     Comments:

Mr. Aguilar:

The facts are as followed: the boy had a bone condition and could not engage in any activity that would hurt him. This meant no physical activities. The Coach instructed him to play in a soccer game. The School District and the coach were on notice that the boy could not play in activities.

The Court asked which Constitutional right was violated. Mr. Aguilar responded that it was a violation of the boy's liberty interest. Moore v. Willis, 233 F.3d 871. 14 & 5th Amendments. The Moore case says that inflicting pain on a student violates bodily integrity. There may also be an 8th amendment violation- Mr. Aguilar is not sure. Students are often treated like prisoners- in that they

have curttailed rights.

The Court asked for the facts of the Moore case. Mr. Aguilar responded that a child was forced to do some additional exercise when his trainers knew he could only do so much- the person died. Also Plaintiff cites the Roventini case in which a child died. 943 F.2d 914. Roventini cites Doe v. Taylor.

The Court then asked the Defendants' attorneys to argue their motions:

Eilleen Leeds on behalf of Guerrero:

Mr. Guerrero concedes that he knew of the child's condition. The child's mother never filled out the proper paperwork. According to the Coach, the child was sitting on the sidelines, and ran out of out of bounds to chase a ball - the child was never put into play in the game. Guerrerro and Villareal are entitled to immunity because their actions were within the scope of their employment and their actions were taken in good faith. The 5th amendment does not apply here because this is not a federal case. Contrary to Plaintiff's assertions, the 8th amendment does not apply to schoolchildren. Only the 14th amendment potentially applies- the question is whether there is a liberty interest here. The Coach gets immunity because what he did was proper under the circumstances. The child occasioned the accident himself.

Mr. Byrom:

Mr. Villareal (the school principal) is one step removed from the coach- he wasn't there and didn't make any decisions. Also, Doe v. Taylor is a sexual harassment case. Further, the activity involved in the Moore case was almost in the form of punishment. That did not happen here.

The Court asked Mr. Aguilar: Will the child testify that he was made to play? Mr. Aguilar said yes. Also there is one other child who will testify to that effect. The child was not simply chasing a ball on the sidelines. However, no one has been deposed yet. The child will testify that the injury occurred on the field, not off the field, during the PE class.

The Court asked is everything going to hinge on whether the child was ordered to play or not? Mr. Aguilar said yes- it hinges on that. This is the first time he was ordered to go out on the field. The accident occurred in November. He was not previously asked to participate.

■   Rulings orally rendered on:

Defendants School and Villareal's Motion to stay discovery **GRANTED**. Defendants School and Villareal's Motion for 7a **GRANTED**. Defendant Guerrero's Motion for 7 a **GRANTED**. Defendant Guerrero's Motion to stay **GRANTED**. Plaintiff is directed to demonstrate the existence of a clearly established Constitutional right. The deadline is Feb 27. Discovery is not stayed with regard to issues of qualified immunity.