United States District Court
Southern District of Texas
ENTERED

JAN 2 9 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| **Adela Cano, individually and on behalf of her minor son Abraham Cano,** § § § § | |
| Plaintiffs, § § | |
| v. § | B-01-156 |
| § § | |
| **San Benito Consol. Indep. Sch. Dist., et al.,** § § | |
| Defendants. § | |

## ORDER

BE IT REMEMBERED that on January 28, 2002, the Court **GRANTED** Defendant Guerrero's Motion to Stay Discovery Pending Preliminary Resolution of the Issue of Qualified Immunity [Dkt. No. 6]; **GRANTED** Defendant Guerrerro's Motion for Rule 7(a) Reply [Dkt. No. 7]; **GRANTED** Defendants San Benito School and Heriberto Villareal's Motion to Stay Discovery Pending Preliminary Resolution of the Issue of Qualified Immunity [Dkt. No. 15]; and **GRANTED** Defendant Heriberto Villareal's Motion for Rule 7(a) Reply [Dkt No 16].

Plaintiffs are hereby **ORDERED** to file a Reply in response to Defendants' defenses of qualified immunity pursuant to Fed. R. Civ. P. 7(a) by February 27, 2002 at 4 p.m. C.S.T. Plaintiff is instructed to plead its Reply with "factual detail and particularity." <u>Jackson v. Widnall</u>, 99 F.3d 710, 715-16 (5th Cir. 1996). Specifically, Plaintiff is instructed to address the issue of the "clearly established . . . constitutional rights of which a reasonable person would have known" (see <u>Gibson v. Rich</u>, 44 F.3d 274, 276 (5th Cir. 1995) which Defendants are alleged to have violated, and to allege specific facts pertaining to how these Defendants violated those rights. Plaintiff is

further instructed to specify facts which would overcome Defendants' affirmative defense of qualified immunity. All discovery in this case is **STAYED** until such time as the Rule 7(a) reply is filed.

DONE this 28th day of January, 2002, at Brownsville, Texas.

Hilda G. Tagle
United States District Judge