IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 1 8 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ADELA CANO, individually and on behalf of her minor son, ABRAHAM CANO | § § § | |
| VS. | § § | CIVIL ACTION NO. B-01-156 (JURY REQUESTED) |
| SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT HERIBERTO VILLARREAL, AND PETER GUERRERO | § § § § § | |

**DEFENDANTS', SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT AND HERIBERTO VILLARREAL, MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW HERIBERTO VILLARREAL AND SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, Defendants in the above-styled and numbered cause, and files this their Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and would show the Court the following:

**I.**

**STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING**

This damage claim is brought by Plaintiff alleging violations of 42 U.S.C. §1983, the 14th Amendment to the United States Constitution, and Texas Education Code §22.001 *et. Seq.* Plaintiff alleges that the minor Plaintiff suffers from a rare bone disease. She asserts that she informed the school district and its officials of this fact, and that her son was not to

-1-

participate in any physical activity. While participating in a physical education class, the minor plaintiff suffered a broken ankle. Plaintiff alleges Defendant Villarreal violated Abraham Cano's rights to procedural and substantive due process protected by the United States Constitution. She also alleges negligence and excessive discipline under Texas state law. This claim was filed in October, 2001.

## II.

## SUMMARY OF ARGUMENT

(1)    Plaintiff has failed to properly allege the violation of a constitutional right by failing to identify a liberty interest under the Fourteenth Amendment to the United States Constitution.

(2)    Plaintiff has failed to allege a violation of procedural due process.

(3)    Defendant Villarreal is entitled to dismissal based upon qualified and official immunity.

(4)    Plaintiff has failed to properly allege or show a policy or practice of the San Benito Consolidated Independent School District which manifests "deliberate indifference" to the rights of its students.

(5)    Plaintiff's state law claims should be dismissed because the laws of the State of Texas provide an adequate remedy.

(6)    Plaintiff failed to exhaust administrative remedies, thereby depriving this Honorable Court of subject matter jurisdiction over state law claims.

## III.

## <u>MOTION TO DISMISS UNDER RULE 12(b)(6)</u>

**A.     Standard for dismissal under Rule 12(b)(6).**

Plaintiff has failed to state a claim for which relief can be granted.  Accordingly, her

lawsuit is ripe for dismissal under Federal Rule of Civil Procedure 12(b)(6).  Under Rule

12(b)(6) of the Federal Rules of Civil Procedure, a complaint should be dismissed for failure

to state a claim if the face of the Plaintiff's pleading shows, beyond doubt, that the plaintiff

can prove no set of facts in support of his claim which would entitle him to relief. *Garrett*

*v. Commonwealth Mtg. Co.,* 938 F.2d 591, 594 (5th Cir. 1991).  Under this standard, a court

may dismiss a complaint if the plaintiff cannot possibly prevail on his claims.  *Clark v.*

*Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986); *Scheuer v. Rhodes*, 416 U.S. 232, 236

(1973).  Although the Rule 12(b)(6) standard is stringent, "the mere fact that a standard is

stringent does not suggest that it can never be met."  *Mahone v. Addicks Utility Dist. of*

*Harris County,* 836 F.2d 921, 927 (5th Cir. 1988).

Plaintiff was ordered, by this Honorable Court, to respond with a Rule 7(a) Response

on or before February 28, 2002.  Plaintiff has filed an Amended Original Complaint.

Therefore, Plaintiff has had full opportunity to state a proper cause of action, if such were

possible.  It is the position of these Defendants that Plaintiff has failed to state a cause of

action against them.

**B.      Plaintiff's claims under 42 U.S.C. §1983 should be dismissed.**

**(1)      Plaintiff has not properly alleged the violation of any constitutional right.**

To begin, Plaintiff has not alleged a violation of the Fourteenth Amendment to the United States Constitution.  To state a cause of action under 42 U.S.C. §1983 for violation of the Due Process Clause, a plaintiff must show that they have asserted a recognized 'liberty or property' interest within the purview of the Fourteenth Amendment, and that they were intentionally or recklessly deprived of that interest, even temporarily, under color of state law." *Griffith v. Johnston*, 899 F.2d 1427, 1435 (5th Cir.1990), *cert. denied*, 498 U.S. 1040, 111 S.Ct. 712, 112 L.Ed.2d 701 (1991).  Plaintiff cannot meet this burden.  Plaintiff claims that the imposition of punishment by Defendant Villarreal caused a violation of substantive and procedural due process rights.  Even if Defendant Villarreal was imposing punishment, which Defendant denies, Plaintiff could not prevail.

First, the Fifth Circuit has "consistently held that, as long as the state provides an adequate remedy, a public school student cannot state a claim for denial of substantive due process through excessive corporal punishment, whether it be against the school system, administrators, or the employee who is alleged to have inflicted the damage." *Moore v. Willis Independent School Dist.*, 233 F.3d 871, (C.A.5 (Tex.) 2000); *Fee v. Herndon*, 900 F.2d 804 (5th Cir. 1990), *cert. denied*, 498 U.S. 908, 111 S.Ct. 279, 112 L.Ed.2d 233 (1990).  This is due to the fact that educators in states that proscribe student mistreatment and provide a remedy do not act arbitrarily, which is a necessary predicate for substantive due process

-4-

relief. *Moore*, 233 F.3d at 875. On facts very similar to ours, the *Moore* court held that Texas does have state law remedies for the types of violations that Plaintiff alleges. Thus Plaintiff has not properly alleged a violation of substantive due process rights under the Fourteenth Amendment.

Plaintiff alleges a right to "bodily integrity" under *Do v. Taylor,* 15 F.3d 443 (5th Cir. 1994)(en banc), *cert. denied,* 513 U.S. 815, 115 S.Ct 79, 130 L.Ed.2d 25 (1994). However, Plaintiff's First Amended Original Complaint sounds in tort and negligence. In order for Plaintiff to prevail under 42 U.S.C. §1983, there must be a constitutional deprivation, not merely negligence or excessive discipline. *Daniel v. Williams*, 474 U.S. 327, 332-33, 106 S.Ct. 662, 663, 88 L.Ed.2d 662 (1986). Plaintiff alleges a failure to prevent Abraham Cano from participating in physical education. There is not such constitutional right under the 14th Amendment. Because Plaintiff has failed to properly allege a constitutional deprivation, this case should be dismissed.

Additionally, Plaintiff has not stated a violation of procedural due process rights. Even if we assume, as Plaintiff contends, that Abraham Cano was subjected to punishment in the form of exercise, the Supreme Court has held that subjecting students to corporal punishment without prior notice and a hearing did not violate procedural due process. *Ingraham*, 430 U.S. at 682. Thus, Plaintiff can not proceed with her Fourteenth Amendment claim, and it should be dismissed.

(2)    **Defendant Villarreal is entitled to qualified immunity.**

Defendant Villarreal is entitled to qualified immunity under Federal Law, it's State counterpart, official immunity, and Texas Education Code §22.051. Qualified immunity protects government officials who perform discretionary functions from liability "unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." *Gibson v. Rich*, 44 F.3d 274, 276 (C.A.5 (Tex.) 1995). The qualified immunity analysis is a two-step process. First, a court must determine whether the plaintiff has alleged the violation of a constitutional right. *Hale v. Townley.*45 F.3d 914,917, (C.A.5 (La.) 1995). Second, if the plaintiff has alleged a constitutional violation, the court must decide if the conduct was objectively reasonable in light of clearly established law at the time that the challenged conduct occurred. *Id* at 917. "The touchstone of this inquiry is whether a reasonable person would have believed that his conduct conformed to the constitutional standard in light of the information available to him and the clearly established law." *Goodson v. Corpus Christi*, 202 F.3d 730, 736 (5th Cir. 2000).

As Defendant Villarreal has already shown, Plaintiff has not properly alleged the violation of a constitutional right. Further, Defendant Villarreal was at all times acting in good faith, in a reasonable manner, and within the discretionary authority of his public office. Plaintiff has alleged no facts that would overcome Defendant's qualified immunity. The Fifth Circuit has made clear that broad or conclusory allegations made against an individual defendant are not sufficient to overcome qualified immunity. Rather, a plaintiff must set

-6-

forth with factual detail and particularity the basis for the claim which necessarily includes

why the defendant official cannot successfully maintain the defense of immunity. *Wicks v.*

*Mississippi State Employment Services*, 41 F.3d 991,996 (C.A.5 (Miss.) 1995). If the

plaintiff is unable to meet these pleading requirements, the complaint should be dismissed

immediately, as to do otherwise would abrogate the qualified immunity defense itself. *Wicks*

at 996.

**C.**    **Plaintiff cannot show a "Policy or Practice" of deliberate indifference.**

San Benito Consolidated Independent School District is also entitled to summary

judgment on all claims brought under 42 U.S.C. §1983. To maintain a cause of action

against San Benito Consolidated Independent School District under 42 U.S.C. §1983,

Plaintiff must show that an official custom or policy of the District caused the alleged

constitutional violations. *Monell v. Dept. of Social Serv.*, 436 U.S. 658, 691 (1978). The

District *cannot* be held liable for acts of its employees on the basis of *respondeat superior*.

Instead, Plaintiff must prove that the *Board of Trustees*, by policy or custom, caused his

injuries. Finally, a §1983 complainant must support his or her claims with specific facts

demonstrating a constitutional deprivation and may not simply rely on conclusory

allegations. *Shultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995); *Fee v. Herndon*, 900 F.2d

804, 807 (5th Cir.), *cert. denied*, 498 U.S. 908 (1990).

The Supreme Court has described an official *policy* as a "deliberate choice to follow

a particular course of action . . . made from among various alternatives by officials who have

-7-

the authority to establish governmental policy." *Pembaur v. City of Cincinnati*, 475 U.S. 469,

483 (1986). A *custom,* on the other hand, is a pattern of "persistent and widespread" practice

of governmental officials, which are not necessarily approved through formal decision-

making channels, but which become so "permanent and well settled" as to have the force and

effect of law. *Monell*, 436 U.S. at 691. Regardless of whether a plaintiff alleges an official

policy or custom, he must show that *policy-making officials* were somehow responsible for

a policy or custom which caused a constitutional violation. *Pembaur*, 475 U.S. at 482;

*Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985) (a plaintiff must show that the policy-

makers were the "moving force" behind the alleged injury).

Whether a particular official has *policy-making authority* to bind the entity is

ultimately a question of state law. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988).

Under Texas law, *only* the School District's Board of Trustees has final policy-making

authority. *Bates v. Dallas I.S.D.*, 952 S.W.2d 543 (Tex. App.–Dallas, 1997); *Gonzalez v.*

*Ysleta I.S.D.*, 996 F.2d 745, 752 (5th Cir. 1993); *Jett v. Dallas I.S.D.*, 7 F.3d 1241, 1245 (5th

Cir. 1993). This authority *cannot* be delegated. Although administrators may have decision-

making authority, they are not "policy makers." *Jett*, 7 F.3d at 1246.

Plaintiff must therefore show that the San Benito Consolidated Independent School

District Board of Trustees (the final policy-making officials), by policy or custom, caused

the alleged injuries. Specifically, Plaintiff must prove that the alleged injuries were caused

by the San Benito Consolidated Independent School District Board of Trustees' deliberate

indifference to his constitutional rights. *Ysleta*, 996 F.2d at 760-62.· This Plaintiff cannot do so as a matter of law.

There is absolutely no evidence that an official policy or custom of San Benito Consolidated Independent School District caused Plaintiff's alleged injury. Nor is there any evidence that the San Benito Consolidated Independent School District Board of Trustees took any action related to Plaintiff which constituted a deliberate indifference to his constitutional rights. Further, neither Mr. Villarreal nor Mr. Guerrero are persons with "policy making" authority. Thus, the District cannot be held responsible under §1983 for Plaintiff's alleged injuries and summary judgment is appropriate.

**D.    Plaintiff's claims under Texas Education Code §22.051 should be dismissed.**

**(1)    Defendants are immune from claims of negligence.**

Texas Education Code §22.051, states, in part:

> "(a) A professional employee of a school district in not personally liable for any act that is incident to or within the scope of the duties of the employee's position of employment and that involves the exercise of judgment or discretion on the part of the employee, except in circumstances in which a professional employee uses excessive force in the discipline of students or negligence resulting in bodily injury to students."

It should be noted that it is undisputed that Mr. Villarreal was within the scope of his duties of his position with the San Benito Consolidated Independent School District. Further, Texas case law states that "negligence resulting in bodily injury" is directed at the manner of student discipline in which no force is used but negligence in the imposition of the

punishment results in bodily injury to the student. *Diggs v. Bales,* 667 S.W. 2d 916 ( Tex. App-5th Dist., 1984, ref. n.r.e.). Further, "excessive force exception to immunity of professional school employees from personal liability for acts performed within the scope of employment which involve the exercise of judgment or discretion exists **only where school officials engage in disciplining student.** (emphasis added) *Spacek v. Charles,* 928 S.W. 2d 88 (Tex. App.-Houston [14th Dist.] 1996, rehearing overruled, writ dismissed w.o.j.). Therefore, to the extent that Plaintiff is claiming that the incident in question did not arise from discipline, Mr. Villarreal is entitled to dismissal.

Plaintiff has plead that this incident may involve discipline "to the extent Defendants allege or contend that the injuries suffered by Abraham were the result of some form of discipline." These Defendants make no such assertion. However, assuming arguendo that this incident involved discipline, Mr. Villarreal is still entitled to dismissal of these claims. First, it is clear that if any discipline took place, Mr. Villarreal was not involved with such. Plaintiff makes not claim that Mr. Villarreal was disciplining Plaintiff at the time of the incident. Secondly, Federal Courts have determined that excessive punishment is not a substantive due process claim, but a state law claim for which an adequate remedy exists, and have dismissed such claims. *Moore v. Willis,* 233 F.3d 871 (Fifth Circuit 2000), rehearing and rehearing en banc denied 248 F.3d 1145.

Also, the statutory immunity applies even under the common-law doctrine of "in loco parentis. *Williams v. Chatman,* 17 S.W. 3d 694, (Tex. App.-Amarillo 1999, review denied,

rehearing of petition for review overruled). Finally, the immunity afforded under §22.051 only requires that the action taken be incident to or within the scope of their employment, does not require that the professional act in good faith. *Enriquez v. Khouri,* 13 S.W. 3d 458 (Tex. App.-El Paso, 2000).

(2)    **Plaintiff failed to exhaust her administrative remedies.**

Again, assuming arguendo that this incident involved excessive discipline, it should be dismissed because Plaintiff failed to exhaust her administrative remedies with the San Benito Consolidated Independent School District before filing suit, thereby depriving the court of subject matter jurisdiction to hear such claims.  See Texas Education Code §7.057, (formerly Educ. Code §11.13); *Grimes v. Stringer,* 957 S.W. 2d 865 (Tx. App. Tyler, 1997); *Friona v. King,* 15 S.W.3d 653 (Tex. App.-Amarillo, 2000); *Godley I.S.D. v. Woods,* 25 S.W.3d 656 (Tex. App.-Waco, 2000).

WHEREFORE, PREMISES CONSIDERED, Defendants San Benito Consolidated Independent School District and Heriberto Villarreal, Individually and in his official capacity, pray that upon hearing their Rule 12(b)(6) Motion to Dismiss same shall be granted, Plaintiff take nothing by her suit, that these Defendants recover all costs incurred herein, and that these Defendants have such other and further relief, at law or in equity, to which they may show themselves to be justly entitled.

Respectfully submitted,

EWBANK & BYROM, P.C.
221 West 6th Street, Suite 900
Austin, Texas 78701
Telephone: (512) 476-1080
Facsimile: (512) 476-7770

By: _____

JAMES E. BYROM
State Bar No. 03568100
Federal No. 6874
**ATTORNEYS FOR SAN BENITO C.I.S.D.
AND HERIBERTO VILLARREAL**

## CERTIFICATE OF SERVICE

I hereby certify by my signature below that a true and correct copy of the above and foregoing document has been served on the following attorneys of record via certified mail, return receipt requested, on this the 15th day of March, 2002.

**Via CM/RRR No.: 7001 1940 0002 5226 0614**
Mr. J. Arnold Aguilar
Law Office of J. Arnold Aguilar
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, Texas 78520

**Via CM/RRR No.: 7001 1940 0002 5226 0621**
Ms. Eileen M. Leeds
Willette & Guerra, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Boulevard
Brownsville, Texas 78521

_____
JAMES E. BYROM

-12-