28

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 0 3 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ADELA CANO, Individually and on behalf of her minor son, ABRAHAM CANO | § § § | |
| VS. | § § | CIVIL ACTION NO. <u>B-01-156</u> (JURY REQUESTED) |
| SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, HERIBERTO VILLARREAL, AND PETER GUERRERO | § § § § § | |

## PETER GUERRERO'S MOTION TO DISMISS
## PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW PETER GUERRERO, Defendant in the above-styled and numbered cause, and files this his Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and would show the Court the following:

### I.

### BACKGROUND

This is an action for damages filed pursuant to 42 U.S.C. § 1983, the Fourteenth Amendment to the United States Constitution, and Texas Education Code § 22.001, *et. seq.* Plaintiff claims Defendant Guerrero violated Abraham Cano's rights to procedural and substantive due process protected by the United States Constitution. Additionally, Plaintiff claims Defendant Guerrero

violated Texas law by either: 1) committing negligent acts which resulted in bodily injury to Abraham Cano, or 2) using excessive force in discipline which resulted in bodily injury to Abraham Cano.

## II.

## PLAINTIFF HAS FAILED TO STATE A PROPER CLAIM

Plaintiff recently filed an Amended Complaint pursuant to Defendants request for a Rule 7(a) Reply. Based on the allegations in said Complaint Plaintiff has failed to state a cause of action for which relief can be granted.  In particular:

(1)     Plaintiff has failed to properly identify a liberty interest under the facts of this case which would be protected by the Fourteenth Amendment to the United States Constitution.

(2)     If Plaintiff is asserting Defendant Guerrero was disciplining Abraham Cano, there is no liberty interest under the Fourteenth Amendment.

(3)     Defendant Guerrero is entitled to qualified immunity, official immunity, and immunity under Texas Education Code § 21.051.

(4)     Plaintiff's claims under Texas state law under Chapter 22 of the Texas Education Code should be dismissed because Plaintiff has failed to exhaust his administrative remedies.

Therefore, Defendant Guerrero is entitled to dismissal of all claims asserted against him as a matter of law.

## III.

## LEGAL ARGUMENT

A.    **Standard for dismissal under Rule 12(b)(6)**

Plaintiff has failed to state a claim for which relief can be granted.  Accordingly, his lawsuit

is ripe for dismissal under Federal Rule of Civil Procedure 12(b)(6).  Under Rule 12(b)(6) of the

Federal Rules of Civil Procedure, a complaint should be dismissed for failure to state a claim if the

face of the Plaintiff's pleadings show, beyond doubt, that the plaintiff can prove no set of facts in

support of his claim which would entitle him to relief. *Garrett v. Commonwealth Mtg. Co.*, 938 F.2d

591, 594 (5th Cir. 1991).  Under this standard, a court may dismiss a complaint if the plaintiff cannot

possibly prevail on his claims.  *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986);

*Scheuer v. Rhodes*, 416 U.S. 232, 236 (1973).  Although the Rule 12(b)(6) standard is stringent, "the

mere fact that a standard is stringent does not suggest that it can never be met." *Mahone v. Addicks*

*Utility Dist. of Harris County,* 836 F.2d 921, 927 (5th Cir. 1988).

B.    **Plaintiff's claims under 42 U.S.C. § 1983 should be dismissed.**

(1)    **Plaintiff has not properly identified a liberty interest under the Fourteenth**
        **Amendment.**

The Plaintiff has not alleged a violation of the Fourteenth Amendment to the United States

Constitution.  To state a cause of action under 42 U.S.C. § 1983 for violation of the Due Process

Clause, a plaintiff "must show that they have asserted a recognized 'liberty or property' interest

within the purview of the Fourteenth Amendment, and that they were intentionally or recklessly

deprived of that interest, even temporarily, under color of state law." *Griffith v. Johnston*, 899 F.2d 1427, 1435 (5th Cir.1990), *cert. denied*, 498 U.S. 1040, 111 S.Ct. 712, 112 L.Ed.2d 701 (1991). Plaintiff cannot meet this burden.

Plaintiff claims that he suffered physical, emotional, and monetary injuries due to the actions of Defendant Guerrero. In paragraph 10 of their First Amended Original Complaint, he points to the "right to bodily integrity" as the recognized liberty interest which Defendant Guerrero deprived Abraham Cano of. The Fifth Circuit has held that a student has a liberty interest in maintaining bodily integrity. *Doe v. Taylor*, 15 F.3d 443 (5th Cir.1994) (en banc), *cert. denied*, 513 U.S. 815, 115 S.Ct. 70, 130 L.Ed.2d 25 (1994). However, when we look at the Plaintiff's factual contentions, we see they resemble tort claims for negligence and/or misrepresentation. In fact, Plaintiff even states in paragraph 1 of their First Amended Original Complaint that Defendants "committed negligence resulting in bodily injury to Plaintiff's minor son." Section 1983 imposes liability for deprivations of constitutionally protected rights, not for violations of tort duties of care. *Daniels v. Williams*, 474 U.S. 327, 332-33, 106 S.Ct. 662, 663, 88 L.Ed.2d 662 (1986).

The Plaintiff's factual contentions resemble tort claims for negligence, and thus do not implicate the right to maintain bodily integrity they complain of. The Fifth Circuit has had several opportunities to determine when a student has a liberty interest in maintaining bodily integrity. *Moore v. Willis Independent Sch. Dist.*, 233 F.3d 871, (5th Cir. 2000)(student being subjected to exercise as punishment *did not* implicate the student's liberty interest in maintaining bodily integrity); *Doe v. Taylor*, 15 F.3d 443 (5th Cir.1994) (en banc), *cert. denied*, 513 U.S. 815, 115 S.Ct.

70, 130 L.Ed.2d 25 (1994)(child being sexually molested by a teacher implicated the child's liberty

interest in maintaining bodily integrity); *Jefferson v. Ysleta Indep. Sch. Dist.*, 817 F.2d 303 (5th

Cir.1987)(student being lashed to chair implicated the student's liberty interest in maintaining bodily

integrity); *Morris v. Dearborne*, 181 F.3d 657 (5th Cir. 1999)(sitting on teacher's lap and typing did

not implicate student's liberty interest in maintaining bodily integrity).  Taking all of Plaintiffs'

factual contentions as true, we see their allegations boil down to this: 1) Defendant Guerrero knew

of Abraham Cano's condition, and 2) Defendant Guerrero either forced Abraham Cano to participate

in physical education class, or failed to prevent Abraham Cano from participating in physical

education class.  Obviously, such conduct does not rise to the level where the right to bodily integrity

is implicated, as evidenced by the precedent outlined above.  If it did, then every single student in

the state of Texas would have a Fourteenth Amendment claim, as all students in the State are

required to undergo physical education.  What Plaintiffs are really asserting, is that Abraham Cano

had a liberty interest in *not participating* in physical education class, or in *being restrained from*

*participating* in physical education class.  This is not the case, and such an interest is not recognized

by the Fourteenth Amendment.

> **(2)** **Even if we assume Defendant Guerrero was imposing punishment, as Plaintiffs**
> **allege, they could not prevail.**
>
> **(a)** **Procedural Due Process**

Plaintiffs have not stated a violation of procedural due process rights.  To the extent Plaintiffs

contend that Abraham Cano was subjected to punishment in the form of exercise, the Supreme Court

has held that subjecting students to corporal punishment without prior notice and a hearing did not

violate procedural due process. *Ingraham v. Wright*, 430 U.S. 651, 97 S.Ct. 1401, 51 L.Ed. 711

(1977). The *Ingraham* Court found that traditional common-law remedies were fully adequate to

afford due process to children complaining of excessive corporal punishment. *Id.* at 672. The Court

looked at the Florida statute, which provided for criminal penalties as well as civil suits, and decided

that it not only maintained the child's common-law right to be free from excessive corporal

punishment, it even strengthened it. *Id.* at 676.

Texas law also provides for civil suits should a school teacher administer excessive corporal

punishment to a student. TEX. EDUC. CODE ANN. § 22.051 (Vernon 2001). Texas law also

provides for possible criminal liability when excessive force is used in administering corporal

punishment. TEX. PENAL CODE ANN. §9.62 (Vernon 2001). The Fifth Circuit has found that

Texas provides adequate traditional common-law remedies for students who have been subjected

to excessive disciplinary force. *Cunningham v. Beavers*, 858 f.2d 269, 272 (5th Cir. 1988), *cert.*

*denied*, 489 U.S. 1067, 109 S.Ct. 1343, 103 L.Ed.2d 812 (1989). Texas law not only maintains the

child's common-law right to be free from excessive corporal punishment, it strengthens it, just as

Florida law does. Thus, under *Ingraham*, Plaintiffs cannot proceed with their Fourteenth

Amendment procedural due process claim, and it should be dismissed.

(b)    **Substantive Due Process**

Plaintiffs have not stated a claim for violation of substantive due process rights secured by

the Fourteenth Amendment. The Fifth Circuit has "consistently held that, as long as the state

provides an adequate remedy, a public school student cannot state a claim for denial of substantive due process through excessive corporal punishment, whether it be against the school system, administrators, or the employee who is alleged to have inflicted the damage." *Moore v. Willis Independent School Dist.*, 233 F.3d 871, (C.A.5 (Tex.) 2000); *Fee v. Herndon*, 900 F.2d 804 (5th Cir. 1990), *cert. denied*, 498 U.S. 908, 111 S.Ct. 279, 112 L.Ed.2d 233 (1990). This is due to the fact that educators in states that proscribe student mistreatment and provide a remedy do not act arbitrarily, which is a necessary predicate for substantive due process relief. *Moore*, 233 F.3d at 875. On facts very similar to ours, the *Moore* court held that Texas does have state law remedies for the types of violations that Plaintiff alleges. *Id.* at 876. Thus, to the extent they allege Defendant Guerrero was punishing Abraham Cano, Plaintiffs have not properly alleged a violation of substantive due process rights under the Fourteenth amendment.

**(3)     Defendant Guerrero is entitled to qualified immunity, official immunity, and immunity under Texas Education Code § 22.051.**

Defendant Guerrero is entitled to qualified immunity under Federal Law, it's State counterpart, official immunity, and immunity under Texas Education Code § 22.051. Qualified immunity protects government officials who perform discretionary functions from liability "unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." *Gibson v. Rich*, 44 F.3d 274, 276 (C.A.5 (Tex.) 1995). The qualified immunity analysis is a two-step process. First, a court must determine whether the Plaintiff has alleged the violation of a constitutional right. *Hale v. Townley*. 45 F.3d 914, 917, (C.A.5 (La.) 1995).

Second, if the Plaintiff has alleged a constitutional violation, the court must decide if the conduct was objectively reasonable in light of clearly established law at the time that the challenged conduct occurred. *Id* at 917. "The touchstone of this inquiry is whether a reasonable person would have believed that his conduct conformed to the constitutional standard in light of the information available to him and the clearly established law." *Goodson v. Corpus Christi*, 202 F.3d 730, 736 (5th Cir.2000).

As has already been shown, Plaintiff has not properly identified a liberty or property interest under the Fourteenth Amendment, and thus has not alleged the violation of a constitutional right. However, even if they had, they could not prevail because Defendant Guerrero's conduct was objectively reasonable in light of clearly established law at the time that the challenged conduct occurred.

Plaintiffs can set forth no facts which would show that Abraham Cano had a clearly established right **not** to participate in physical education or to have Defendant Guerrero **restrain** him from participating. The closest they come is in paragraph 10 of their First Amended Original Complaint, where Plaintiffs state "By assigning and requiring Abraham to participate in physical education activities, Defendant Guerrero directly deprived Plaintiff of his right to bodily integrity..." Such a position is ridiculous, as the clearly established law says that all Texas school children must participate in some form of physical education. Further, Defendant Guerrero is a physical education teacher. His job is to "assign and require students to participate in physical education."

The facts as alleged by Plaintiffs show Defendant Guerrero was at all times acting in good faith, in a reasonable manner, and within the discretionary authority of his public office. Plaintiffs have alleged no facts that would overcome Defendant's qualified immunity. The Fifth Circuit has made clear that broad or conclusory allegations made against an individual defendant are not sufficient to overcome qualified immunity. Rather, a plaintiff must set forth with factual detail and particularity the basis for the claim which necessarily includes why the defendant official, cannot successfully maintain the defense of immunity. *Wicks v. Mississippi State Employment Services*, 41 F.3d 991,996 , (C.A.5 (Miss.) 1995). If the plaintiff is unable to meet these pleading requirements, the complaint should be dismissed immediately, as to do otherwise would abrogate the qualified immunity defense itself. *Wicks* at 996.

C.    **Plaintiff's state law claims should be dismissed because he failed to exhaust his administrative remedies.**

As part of this lawsuit, Plaintiff brings causes of action under Texas Education Code § 22.001 *et. seq*. These claims cannot be maintained, because Plaintiff has failed to exhaust his administrative remedies as required by Texas law. Texas law requires a party whose claim concerns the administration of school laws and involves disputed fact issues to exhaust administrative remedies with the Texas Commissioner of Education before filing suit. *Texas Educ. Agency v. Cypress-Fairbanks Indep. Sch. Dist.*, 830 S.W.2d 88, 90 (Tex. 1992); *Godley Indep. Sch. Dist. v. Woods*, 21 S.W.3d 656, 659 (Tex.App.–Waco 2000). The Texas Education Code provides that a party may appeal all the way to the Texas Commissioner of Education if aggrieved by "the school

laws of this state." TEX. EDUC. CODE ANN. § 7.057(a)(1) (Vernon 2001). "The school laws of this state" means Title 1 and Title 2 of the Texas Education Code as well as rules adopted under those titles. TEX. EDUC. CODE ANN. § 7.057(f)(2) (Vernon 2001).

Plaintiff's First Amended Original Complaint makes it clear that he is attempting to bring causes of action pursuant to Chapter 22 of the Texas Education Code. All sections of Chapter 22 are found in Title 2 of the Texas Education Code. TEX. EDUC. CODE ANN. § 22.001 *et. seq.* (Vernon 2001). As such, they are part of the "school laws of this state" and therefore, Plaintiff is required to exhaust administrative remedies prior to bringing suit. Plaintiff has not only failed to exhaust administrative remedies, he does not even allege to have begun pursuing them. Thus, Plaintiff's state law claims should be dismissed.

## IV.

## CONCLUSION

Plaintiffs have not properly identified a liberty interest protected by the Fourteenth Amendment. They claim Abraham Cano's right to bodily integrity is at issue, but this is not really the case. The facts as alleged show that they are attempting to litigate a tort in the guise of a due process claim. The Fourteenth Amendment has not been implicated and thus Plaintiffs' claims under 42 U.S.C. § 1983 should be dismissed.

Even if we assume that Defendant Guerrero was punishing Abraham Cano, as Plaintiffs allege, their § 1983 claims still fail. The Supreme Court has held that subjecting students to corporal punishment without prior notice and a hearing did not violate procedural due process. *Ingraham v.*

*Wright*, 430 U.S. 651, 97 S. Ct. 1401, 51 L. Ed. 711 (1977). Further, the Fifth Circuit has "consistently held that, as long as the state provides an adequate remedy, a public school student cannot state a claim for denial of substantive due process through excessive corporal punishment, whether it be against the school system, administrators, or the employee who is alleged to have inflicted the damage." *Moore v. Willis Independent School Dist.*, 233 F.3d 871, (C.A.5 (Tex.) 2000). As such, to the extent Plaintiffs claim that Abraham Cano was being disciplined, their claims under 42 U.S.C. § 1983 should be dismissed.

Defendant Guerrero is entitled to qualified immunity under Federal Law, it's State counterpart, official immunity, and immunity under Texas Education Code § 22.051. Plaintiffs have not alleged the violation of a constitutional right. Additionally, they have alleged no facts which would show that Defendant Guerrero's actions were not objectively reasonable in light of clearly established law at the time the complained of conduct occurred.

Finally, Texas law requires a party whose claim concerns the administration of school laws and involves disputed fact issues to exhaust administrative remedies with the Texas Commissioner of Education before filing suit. *Texas Educ. Agency v. Cypress-Fairbanks Indep. Sch. Dist.*, 830 S.W.2d 88, 90 (Tex. 1992). Plaintiffs have not done so, and thus their state law claims should be dismissed.

WHEREFORE, PREMISES CONSIDERED, Defendant Guerrero prays that upon hearing, this Rule 12(b)(6) Motion to Dismiss be granted, Plaintiff take nothing by their suit, that this Defendant recover all costs incurred herein, and that this Defendant have such other and further

relief, at law or in equity, to which he may show himself to be justly entitled.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

BY: _____
  EILEEN M. LEEDS
  State Bar No. 00791093
  Federal I.D. No. 16799

  SETH MOORE
  State Bar No. 24027522
  Federal I.D. No. 28488

**ATTORNEY FOR DEFENDANT**
**PETER GUERRERO**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing DEFENDANT PETER GUERRERO'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) has been served by mailing same, Certified Mail, Return Receipt Requested to all counsel of record, as follows:

Mr. J. Arnold Aguilar
LAW OFFICE OF J. ARNOLD AGUILAR
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, Texas 78520

Mr. Jim Byrom
EWBANK & BYROM
221 West Sixth Street, Suite 900
P.O. Box 2430
Austin, Texas 78701

on this _____ 3 _____ day of April, 2002

_____
EILEEN LEEDS