IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION



United States District Court
Southern District of Texas

APR 23 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ADELA CANO, Individually and on Behalf of her minor son, ABRAHAM CANO, Plaintiff | § § § § | |
| VS. | § § | CIVIL ACTION NO.<br>B - 01 - 156 |
| SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, HERIBERTO VILLARREAL and PETER GUERRERO, Defendants | § § § § § | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE
PLAINTIFF'S SECOND AMENDED ORIGINAL COMPLAINT**

TO THE HONORABLE U.S. DISTRICT COURT:

COMES NOW Plaintiff, **ADELA CANO,** *Individually and on behalf of her minor son* **ABRAHAM CANO**, and files this her Motion for Leave to File Plaintiff's Second Amended Original Complaint and for such would respectfully show unto the Court the following:

I.

Plaintiff would request leave to amend her Complaint, a copy of which is attached hereto as Exhibit "A," in order to more specifically identify the claims against Defendant San Benito Consolidated Independent School District.


WHEREFORE, PREMISES CONSIDERED, Plaintiff **ADELA CANO,** *Individually and on behalf of her minor son* **ABRAHAM CANO**, would respectfully request that upon consideration of this Motion for Leave to File Plaintiff's Second Amended Original Complaint, that the Court grant said motion and authorize the Clerk to file Plaintiff's Second Amended Original Complaint attached hereto as Exhibit "A," and that Plaintiff be granted such other and further relief to which she may show herself to be justly entitled, whether general or special, at law and in equity.

Signed on this the 22nd day of April, 2002.

                    Respectfully submitted,

                    **LAW OFFICE**
                    **J. ARNOLD AGUILAR**
                    Artemis Square, Suite H-2
                    1200 Central Boulevard
                    Brownsville, Texas 78520
                    Telephone   : (956) 504-1100
                    Facsimile    : (956) 504-1408

By: _____
        J. Arnold Aguilar
        State Bar No. 00936270
        Federal Adm. No. 6822

        Attorney for Plaintiff,
        ADELA CANO, Individually and on behalf
        of her minor son, ABRAHAM CANO

## CERTIFICATE OF CONFERENCE

I, J. Arnold Aguilar, have conferred with counsel for Defendants San Benito Consolidated Independent School District and Heriberto Villarreal, James Byrom, and counsel for Defendant Peter Guerrero, Eileen Leeds, who are opposed to the filing of Plaintiff's Second Amended Original Complaint,

_____
J. Arnold Aguilar

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing **PLAINTIFF'S MOTION FOR LEAVE TO FILE PLAINTIFF'S SECOND AMENDED ORIGINAL COMPLAINT AND TO SUBSTITUTE PARTY** has on this the 23rd day of April, 2002 been forwarded via certified mail, return receipt requested to:

Mr. James E. Byrom
EWBANK & BYROM, P.C.
221 West 6th Street, Suite 900
P. O. Box 2430
Austin, TX 78768-2430

Ms. Eileen Leeds
WILLETTE & GUERRA, L.L.P.
3505 Boca Chica Blvd., Suite 460
Brownsville, TX 78521

_____
J. Arnold Aguilar

5.  Defendant PETER GUERRERO is an individual resident of Cameron County, Texas. This Defendant has already been served with process and filed an answer herein. No further service is necessary at this time.

6.  This Court has jurisdiction of this action pursuant to 28 U.S.C. §§1331, 1343 & 1443. Venue lies in this Court pursuant to 28 U.S.C. §1391 because all Defendants reside within this District and all of the events or omissions giving rise to this action occurred within this District.

## III.

## FACTUAL BACKGROUND

7.  The injuries described herein occurred on the day before Abraham Cano was to turn 14 years old. At that time, he was a student at Berta Cabaza Middle School, a part of the San Benito Consolidated School District. Abraham Cano has Osteogenesis Imperfecta, a degenerative bone disease which causes his bones to become very brittle. His condition had previously been made known to numerous representatives of Berta Cabaza Middle School and the San Benito Consolidated Independent School District, including to Principal Villarreal and Coach Guerrero, on numerous occasions. As early as 1996, Abraham Cano's school medical records reflected his sensitive condition. Because of this condition, and because of his frequent doctor visits, Abraham had been found to need special education, in order to have home bound schooling services. Abraham's school records also provided that he could only have physical education with modifications. To assure that Abraham would not be subjected to any form of physical education that might put him at risk of injury, Plaintiff Adela Cano met with Principal Villarreal and Coach Guerrero in August 2000, and both assured her that Abraham would not

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ADELA CANO, Individually and on Behalf of her minor son, ABRAHAM CANO, Plaintiff | § § § § | |
| VS. | § § § | CIVIL ACTION NO.<br><br>B - 01 - 156 |
| SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, HERIBERTO VILLARREAL and PETER GUERRERO, Defendants | § § § § § § | |

## PLAINTIFF'S SECOND AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE U. S. DISTRICT COURT:

COMES NOW **ADELA CANO**, *Individually and on Behalf of her minor son,* **ABRAHAM CANO**, and files this her Second Amended Original Complaint complaining of the actions of the San Benito Consolidated Independent School District, it's principal Heriberto Villarreal and Coach Peter Guerrero, Defendants herein, and for such cause would respectfully show unto the Court the following:

I.

### NATURE OF ACTION

1. This is an action for actual and compensatory damages, filed pursuant to the Civil Rights Act, 42 U.S.C. §1983, *et seq.*, and in the alternative, pursuant to Texas Education Code §22.001, *et seq.*, and applicable federal and state law, wherein Plaintiff contends Defendants

were acting under color of state law when they discrimination against and violated the minor Plaintiff's right to life, liberty, health, safety, bodily integrity and to a safe environment in a mandatory school setting, protected by the Fourteenth Amendment to the U.S. Constitution, and committed negligence resulting in bodily injury to Plaintiff's minor son, or in the alternative used excessive force in the discipline of minor Plaintiff.

II.

## PARTIES, JURISDICTION and VENUE

2. Plaintiff ADELA CANO, Individually and on behalf of her minor son, ABRAHAM CANO, are individual residents of Harlingen, Cameron County, Texas. At all relevant times, Abraham Cano was a student at Berta Cabaza Middle School, a part of the San Benito Consolidated Independent School District, under the care and custody of school district officials. The injuries complained of herein occurred on the day before Abraham's 14th birthday.

3. Defendant SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT (SBCISD) is a governmental entity of the State of Texas. This Defendant has already been served with process and filed an answer herein. No further service is necessary at this time.

4. Defendant HERIBERTO VILLARREAL is an individual resident of Cameron County, Texas. This Defendant has already been served with process and filed an answer herein. No further service is necessary at this time.

participate in physical education activities, and that they would allow him to do no more than carry out bases and balls, and other non-life threatening activities. These Defendants were aware that Abraham's medical doctor had instructed Defendants that Abraham was not to participate in physical education activities.

8.     Notwithstanding Plaintiff Adela Cano's and Abraham's medical doctor's admonitions of Abraham's sensitive medical condition, on or about November 27, 2000, Defendant Coach Guerrero inserted Abraham into the physical education regimen to play soccer with other students. Because of the restrictive school environment and Coach Guerrero's position of authority and his physical and psychological intimidation, or because of Abraham's inability to appreciate the danger of his sensitive condition, Abraham did not feel he could refuse to participate as Coach Guerrero instructed. Within moments after Abraham was put in to the soccer game, as he was running to hit the soccer ball he fell, breaking his left ankle and injuring his right knee, requiring extensive medical treatment. His left ankle was so badly broken that his foot was pointing almost 180 degrees backwards, and his ankle was actually protruding from his skin. Abraham suffered excruciating pain as a result of his injuries.

IV.

## CAUSES OF ACTION

9.     Paragraphs 1-8 are incorporated by reference as though fully set out herein. At all times material hereto, Defendants Villarreal and Guerrero were acting under color of state law, and Defendant Villarreal was the policymaking official for Defendant San Benito Consolidated Independent School District with regard to the treatment of students at Berta Cabaza Middle School. Although Plaintiff met specifically with Defendants Villarreal and

Guerrero to assure that Abraham would not be put in any physical education activities because of his sensitive medical condition, Defendants Villarreal and Guerrero were deliberately indifferent to Abraham's constitutional due process rights to life, liberty, health, safety and bodily integrity and to a safe environment in a mandatory school setting in that they either specifically instructed Abraham to engage in physical education activities that would risk the injuries to which he was eventually subjected, or they failed to take sufficient actions to adequately protect Abraham from those injuries. Defendants had received actual notice prior to Abraham's injuries that such harm reasonably could occur, and they acted with callous indifference in failing to prevent his injuries. Because Abraham had an unusually serious risk of harm if he were to engage in physical education activities, and because Defendants had actual knowledge of, or were willfully blind to, the elevated risk, and because Defendants failed to take obvious steps to address that risk, Defendants Villarreal, Guerrero and the San Benito Consolidated School District are liable to Plaintiff for the injuries ultimately suffered by Abraham.

10. At the time of Abraham's injuries, the law was well established that the San Benito Consolidated Independent School District could be "liable under §1983 if it supervises its employees in a manner that manifests deliberate indifference to the constitutional rights of [students]." *Doe. v. Taylor*, 15 F.3d 443, 453 (5th Cir.), *cert. denied sub nom.*, *Lankford v. Doe*, 513 U.S. 815, 115 S.Ct. 70, 130 L.Ed.2d 25 (1994). Similarly, there is "no principled reason why an individual to whom the [school district] has delegated responsibility to directly supervise the employee should not be held liable under the same standard." *Id.* Defendants Villarreal and Guerrero are both individually liable for the injuries to Plaintiff because their

failure to protect Abraham from injury, after having been specifically notified and informed of his delicate condition and his doctor's orders that he not participate in physical education, "manifested a deliberate indifference to the welfare of [Abraham]." *Id.* at 454, *quoting Gonzalez v. Ysleta Indep. School Dist.,* 996 F.2d 745, 760 (5th Cir. 1993). By assigning and requiring Abraham to participate in physical education activities, Defendant Guerrero directly deprived Plaintiff of his right to bodily integrity, as well as his right to substantive and procedural due process and to liberty, protected by the Fourteenth Amendment's Due Process and Equal Protection Clauses, for which Plaintiff sues pursuant to 42 U.S.C. §1983, *et seq.*

      11.    By failing to adequately supervise Defendant Guerrero, and to assure that Abraham was not allowed to participate in physical education activities, Defendants San Benito Consolidated Independent School District and Villarreal similarly deprived or denied Plaintiff of his right to bodily integrity, as well as his right to substantive and procedural due process, liberty, and to the equal protection of the laws, protected by the Fourteenth Amendment to the U.S. Constitution, for which Plaintiff sues pursuant to 42 U.S.C. §1983, *et seq.* The injuries to Abraham were directly and proximately caused by Defendant SBCISD's custom and policy of failing to implement sufficient safeguards to prevent injury to Abraham and others like him, maintaining a physical education staff that was not sufficiently trained to recognize the risk of injury to persons such as Abraham, failing to adequately train physical education staff to recognize and prevent possible injuries such as that which occurred to Abraham, failing to adequately train and supervise physical education staff to conduct physical education activities, or to avoid those activities, maintaining inadequate screening and safety policies and customs for conducting physical education activities, maintaining a physical education staff unable or

unwilling to provide proper safety precautions for medically sensitive students, and failing to implement adequate procedures to gather necessary medical documentation to exempt students from physical education activities where appropriate. The actions of Defendants deprived Plaintiff of the right to life, liberty, health, safety, bodily integrity and to safe environment in a mandatory school setting in protecting Abraham from the violation of his rights by state actors. The actions of Defendants Villarreal and Guerrero thus violated Plaintiff's clearly established constitutional rights, and a reasonably prudent person would have known of such rights and their violation at the time of these Defendants' actions.

12. Paragraphs 1-11 are incorporated by reference as though fully set out herein. Based on the facts set out above, Plaintiff would further assert that Defendants Villarreal and Guerrero are also liable to Plaintiff for their negligence resulting in bodily injury to Abraham, for which liability extends pursuant to Texas Education Code §22.051. In the alternative, to the extent that Defendants allege or contend that the injuries suffered by Abraham were the result of some form of discipline, Plaintiff would further contend that Defendants Villarreal and Guerrero are liable for subjecting Abraham to excessive force in the discipline of a student, for which they are liable pursuant to Texas Education Code §22.051.

V.

## DAMAGES

13. Paragraphs 1-12 are incorporated by reference as though fully set out herein. As a result of the foregoing acts and/or omissions committed against Plaintiff by Defendants, Plaintiff has suffered, and will continue to suffer, the following damages and injuries:

(a)   past, present and future physical pain and suffering;

(b)   past, present and future emotional and mental anguish, pain, suffering, inconvenience, loss of enjoyment of life and other non-pecuniary losses;

(c)   past, present and future disability, disfigurement, physical impairment and other general injury to his physical condition;

(d)   reasonable and necessary medical, hospital, nursing, psychological and psychiatric expenses in the past, present and future; and,

(e)   deprivation of the rights and privileges guaranteed to citizens of the United States and the State of Texas by the Fourteenth Amendment to the United States Constitution;

14.   Plaintiff is now suffering, and will continue to suffer, irreparable injury from the Defendants' actions, policies, practices, customs, procedures and usages described herein. The actions of Defendants were taken under color of law, pursuant to their actual or apparent authority, and reflected the custom and policy of Defendant San Benito Consolidated Independent School District. Other than through the remedies provided through this lawsuit, Plaintiff has no other real, adequate or complete remedy at law to redress the wrongs alleged, and this action is the only means of securing adequate relief.

VI.

**CONDITIONS PRECEDENT**

15.   All conditions precedent to the filing of this action and the recovery of the damages prayed for herein have occurred and have been performed.

## VII.

## **JURY DEMAND**

16.  Plaintiff Adela Cano, Individually and on Behalf of her minor son, Abraham Cano, requests that a jury of their peers be convened to determine the factual issues in this case.

WHEREFORE, PREMISES, CONSIDERED, Plaintiff **ADELA CANO**, *Individually and on Behalf of her minor son*, **ABRAHAM CANO**, prays that Defendants San Benito Consolidated Independent School District, Heriberto Villarreal and Peter Guerrero be cited according to law to appear and answer herein, and that upon final trial that Plaintiff have and recover from Defendants, jointly and severally, the damages described above, in the full amount allowed by law, together with the following:

(1) judgment for actual and compensatory damages for the pecuniary losses incurred by Plaintiff herein, including for all medical, hospital, nursing, psychological and psychiatric expenses, as well as for all physical, mental and emotional pain, suffering, inconvenience, anguish, loss of enjoyment of life, disability, disfigurement, physical impairment and other non-pecuniary losses against Defendants in an amount to be determined entirely by the trier of fact;

(2) pre-judgment interest at the maximum legal rate;

(3) post-judgment interest on said judgment at the maximum legal rate, until paid in full;

(4) reasonable and necessary attorneys' and experts' fees, pursuant to 42 U.S.C. §1988;

(5) costs of court; and,

(6) all other and further relief to which Plaintiff Adela Cano, Individually and on Behalf of Abraham Cano, a minor, may be justly entitled, whether general or special, at law and in equity.

Signed on this the 22nd day of April, 2002.

>Respectfully submitted,
>
>**LAW OFFICE  
>J. ARNOLD AGUILAR**  
>Artemis Square, Suite H-2  
>1200 Central Boulevard  
>Brownsville, Texas  78520  
>Telephone    :  (956) 504-1100  
>Facsimile    :  (956) 504-1408
>
>By: _____  
>J. Arnold Aguilar  
>State Bar No. 00936270  
>Federal Adm. No. 6822
>
>Attorney for Plaintiff,  
>ADELA CANO, Individually and on Behalf  
>of her minor son ABRAHAM CANO

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above and foregoing **PLAINTIFF'S SECOND AMENDED ORIGINAL COMPLAINT** has on this the 23rd day of April, 2002, 2001, been forwarded via certified mail, return receipt requested to:

Mr. James E. Byrom
EWBANK & BYROM, P.C.
221 West 6th Street, Suite 900
P. O. Box 2430
Austin, TX 78768-2430

Ms. Eileen Leeds
WILLETTE & GUERRA, L.L.P.
3505 Boca Chica Blvd., Suite 460
Brownsville, TX 78521

                                                                /s/ J. Arnold Aguilar
                                                                J. Arnold Aguilar