United States District Court
Southern District of Texas
FILED

APR 23 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ADELA CANO, Individually and on Behalf of her minor son, ABRAHAM CANO, Plaintiff | § § § § | |
| VS. | § § | CIVIL ACTION NO. B - 01 - 156 |
| SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, HERIBERTO VILLARREAL and PETER GUERRERO, Defendants | § § § § § § | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT'S and HERIBERTO VILLARREAL'S MOTION TO DISMISS**

TO THE HONORABLE U. S. DISTRICT COURT:

COMES NOW **ADELA CANO**, *Individually and on Behalf of her minor son*, **ABRAHAM CANO**, and file this their Response to Defendants San Benito Consolidated Independent School District and Heriberto Villarreal's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), and for such Response would respectfully show unto the Court the following:

## I.

## **SUMMARY OF RESPONSE**

Defendants misconstrue Plaintiff's pleadings, in order to contend that they are entitled to dismissal. Defendants claim initially that Plaintiff has no basis for a liberty interest or substantive or procedural due process claims under the Fourteenth Amendment because Defendant Villarreal did not impose punishment. This was not Plaintiff's assertion, however. As clearly set out in Plaintiff's First Amended Original Complaint, the actions of Defendants, through Villarreal, Guerrero and the San Benito Consolidated Independent School District (hereinafter SBCISD), after prior notice of a serious risk of injury to Abraham if he were to participate in physical education activities, were deliberately indifferent to the welfare of Abraham by allowing or instructing him to do so. As the applicable case law establishes, such actions constitute a violation of Plaintiff's liberty interest, as well as of Abraham's substantive and procedural due process rights.

Defendant Villarreal also alleges that he is entitled to qualified immunity because he believes he did not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Defendant Villarreal does this by parroting qualified immunity language and asserting globally that he did not violate any rights. Defendant fails to reference, however, any of the allegations in Plaintiff's First Amended Original Complaint, which specifically establish the basis for his liability. Similarly, Defendant SBCISD alleges it had no policy or practice that led to Abraham's injuries, completely overlooking Plaintiff's Complaint, which specifically identifies Defendant Villarreal as a policymaker for Defendant SBCISD and identifies the policies that led to Abraham's injuries. As SBCISD's policymaker,

Defendant Villarreal's actions are imputed to SBCISD as their policy or accepted practice. Defendants also misconstrue Plaintiff's claim of negligence in the discipline of Abraham. That claim was made only to the extent that Defendants Villarreal and Guerrero would be claiming that their actions constituted some form of discipline. To the extent Defendants are not making that claim, however, Plaintiff will not pursue that cause of action.

## II.

## FACTUAL BACKGROUND

As set out in Plaintiff's First Amended Original Complaint, the injuries described herein occurred on November 27, 2000, the day before Abraham Cano was to turn 14 years old. At that time, he was a student at Berta Cabaza Middle School, a part of the San Benito Consolidated School District. Abraham Cano has Osteogenesis Imperfecta, a degenerative bone disease which causes his bones to become very brittle. His condition had previously been made known to numerous representatives of Berta Cabaza Middle School and the San Benito Consolidated Independent School District, including to Principal Villarreal and Coach Guerrero, as well as his restriction from physical education activities, on numerous occasions. As early as 1996, Abraham Cano's school medical records reflected his sensitive condition. Because of this condition, and because of his frequent doctor visits, Abraham had been found to need special education, in order to have home bound schooling services. Abraham's school records also provided that he could only have physical education with modifications or not at all. To assure that Abraham would not be subjected to any form of physical education that might put him at risk of injury, Plaintiff Adela Cano met with Principal Villarreal and Coach Guerrero in August 2000, and both assured her that Abraham would not participate in physical education

activities, and that they would allow him to do no more than carry out bases and balls, and other non-life threatening activities. These Defendants were aware that Abraham's medical doctor had instructed Defendants that Abraham was not to participate in physical education activities.

Notwithstanding Plaintiff Adela Cano's and Abraham's medical doctor's admonitions of Abraham's sensitive medical condition, on or about November 27, 2000, Defendant Coach Guerrero inserted Abraham into the physical education regimen to play soccer with other students. Because of the restrictive school environment and Coach Guerrero's position of authority and his physical and psychological intimidation, or because of Abraham's inability to appreciate the danger of his sensitive condition, Abraham did not feel he could refuse to participate as Coach Guerrero instructed. Within moments after Abraham was put in to the soccer game, as he was running to hit the soccer ball he fell, breaking his left ankle and injuring his right knee, requiring extensive medical treatment. His left ankle was so badly broken that his foot was pointing almost 180 degrees backwards, and his ankle was actually protruding from his skin. Abraham suffered excruciating pain as a result of his injuries.

### III.

### LEGAL ANALYSIS

A.   **42 U.S.C. §1983 - Fourteenth Amendment**

Defendants allege Plaintiff's claims under 42 U.S.C. §1983 should be dismissed because the imposition of punishment by Defendant Villarreal cannot establish a violation of substantive or procedural due process rights, and would not constitute a deprivation of Abraham's right to bodily integrity as set out in ***Doe v. Taylor***. 15 F.3d 443 (5th Cir.), *cert. denied sub nom.*,

*Lankford v. Doe*, 513 U.S. 815, 115 S.Ct. 70, 130 L.Ed.2d 25 (1994). Defendants also assert that Plaintiff's claims sound like a tort or negligence claim. Defendants, however, engage in selective editing of Plaintiff's Complaint in order to reach their conclusions.

  As clearly set out in Plaintiff's First Amended Original Complaint, Defendants Villarreal and Guerrero were acting under color of state law, and Defendant Villarreal was the policymaking official for Defendant San Benito Consolidated Independent School District with regard to the treatment of students at Berta Cabaza Middle School. Although Plaintiff met specifically with Defendants Villarreal and Guerrero to assure that Abraham would not be put in any physical education activities because of his sensitive medical condition, Defendants Villarreal and Guerrero were deliberately indifferent to Abraham's constitutional due process rights to life, liberty, health, safety and bodily integrity and to a safe environment in a mandatory school setting in that they either specifically instructed Abraham to engage in physical education activities that would risk the injuries to which he was eventually subjected, or they failed to take sufficient actions to adequately protect Abraham from those injuries. Defendants had received actual notice prior to Abraham's injuries that such harm reasonably could occur, and they acted with callous indifference in failing to prevent his injuries. Because Abraham had an unusually serious risk of harm if he were to engage in physical education activities, and because Defendants had actual knowledge of, or were willfully blind to, the elevated risk, and because Defendants failed to take obvious steps to address that risk, Defendants Villarreal, Guerrero and the San Benito Consolidated School District are liable to Plaintiff for the injuries ultimately suffered by Abraham, pursuant to the Fourteenth Amendment to the U.S. Constitution.

At the time of Abraham's injuries, the law was well established that the San Benito Consolidated Independent School District could be "liable under §1983 if it supervises its employees in a manner that manifests deliberate indifference to the constitutional rights of [students]." *Doe. v. Taylor*, 15 F.3d at 453. Similarly, there is "no principled reason why an individual to whom the [school district] has delegated responsibility to directly supervise the employee should not be held liable under the same standard." *Id.* Defendants Villarreal and Guerrero are both individually liable for the injuries to Plaintiff because their failure to protect Abraham from injury, after having been specifically notified and informed of his delicate condition and his doctor's orders that he not participate in physical education, "manifested a deliberate indifference to the welfare of [Abraham]." *Id.* at 454, *quoting Gonzalez v. Ysleta Indep. School Dist.*, 996 F.2d 745, 760 (5th Cir. 1993). By assigning and requiring Abraham to participate in physical education activities, Defendant Guerrero directly deprived Plaintiff of his right to bodily integrity, as well as his right to substantive and procedural due process and to liberty, protected by the Fourteenth Amendment's Due Process and Equal Protection Clauses.

By failing to adequately supervise Defendant Guerrero, and to assure that Abraham was not allowed to participate in physical education activities, Defendants San Benito Consolidated Independent School District and Villarreal similarly deprived or denied Plaintiff of his right to bodily integrity, as well as his right to substantive and procedural due process and to liberty, protected by the Fourteenth Amendment to the U.S. Constitution. The actions of Defendants deprived Plaintiff of the right to life, liberty, health, safety, bodily integrity and to safe environment in a mandatory school setting in protecting Abraham from the violation of his rights by state actors. The actions of Defendants Villarreal and Guerrero thus violated Plaintiff's

clearly established constitutional rights, and a reasonably prudent person would have known of such rights and their violation at the time of these Defendants' actions. As this District has previously held, "the Constitution protects a school child from deprivation of his bodily integrity...caused by the callous indifference of public school officials," and "'if the Constitution protects a student from physical abuse by teachers, it must also protect [a student] from being "run to death"' by his coaches in an overly strenuous football practice in which he was denied water, rest, and medical attention." *Roventini v. Pasadena Indep. School Dist.*, 981 F.Supp. 1013, 1019 (S.D.Tex. 1997), vacated on other grounds, 183 F.R.D. 500 (S.D. Tex. 1998). Although some of the factual allegations in *Roventini* were later determined to be false, this District made clear that the Constitution in fact does protect school children from deprivations of their rights to bodily integrity and deprivation of their lives caused by the callous indifference of public school officials such as Defendants.

Defendants attempt to equate Plaintiff's due process claims to claims of corporal punishment. Defendants misconstrue Plaintiff's claims. As set out above, Plaintiff's Fourteenth Amendment claims are positive and direct. They are not claims of corporal punishment. Plaintiff's reference to corporal punishment was only based on the possibility that Defendants might try to justify their actions by alleging what they were doing constituted corporal punishment. Although Defendants state that they make no assertion of corporal punishment as the reason for their treatment of Abraham, they have not yet made any affirmatively binding commitment to such statement. Were Defendants to do so, Plaintiff would readily dismiss that claim.

**B.      Defendant Villarreal not Entitled to Qualified Immunity**

Defendant Villarreal alleges generally that he is entitled to qualified and official immunity under state and federal law, referencing applicable standards, yet he makes no reference to the allegations of Plaintiff or how he would be immune for those actions. As set out in the factual background above, Plaintiff Adela Cano met with Principal Villarreal and Coach Guerrero in August 2000, discussed his sensitive medical condition, including his "brittle bones," and they both assured her that Abraham would not participate in physical education activities. Notwithstanding, Abraham was either allowed or instructed to participate in a soccer game, as a direct result of which he incurred his injuries. As the Fifth Circuit has explained, "every school teacher and coach must know that inflicting pain on a student through *inter alia*, unreasonably excessive exercise violates that student's constitutional right to bodily integrity by posing a risk of significant injury." *Moore v. Willis Indep. School Dist.*, 233 F.3d 871, 875 (5th Cir. 2000). Exercise that may be reasonable for one student, may be excessive for another. In Abraham's case, ***any*** exercise regimen would be excessive, because of his extremely sensitive condition of "brittle bones." The actions of Defendants Villarreal and Guerrero were more than just to create a danger to Abraham; their actions were to actually place him in a dangerous situation even after they were each directly aware of his condition. Because of Abraham's "brittle bones," Defendants Villarreal and Guerrero were aware that an unusually high risk of harm existed to Abraham, they had actual knowledge, or were willfully blind to, his elevated risk, and they both failed to take obvious steps to address the risk to simply prevent Abraham from participating in physical education activities. Defendant Villarreal's deliberate indifference to Abraham's constitutional rights that were clearly established in November 2000

dictates that he is not entitled to qualified immunity herein. Because no reasonable official would have acted as he did under the same or similar circumstances, he is also not entitled official immunity herein.

C.   **Defendant SBCISD's Custom, Policy or Practice of Deliberate Indifference**

Defendant SBCISD argues that it is entitled to summary judgment because its Board of Trustees did not have any custom, policy or practice of deliberate indifference to Plaintiff's constitutional rights. Although Defendant argues that it cannot be liable under the doctrine of *respondeat superior*, it acknowledges that it could be liable for actions of its policymakers. As set out in Plaintiff's First Amended Original Complaint, Defendant Villarreal was the policymaking official for Defendant San Benito Consolidated Independent School District with regard to the treatment of students at Berta Cabaza Middle School. In addition, Defendant SBCISD had a policy that students would be required or allowed to participate in physical education activities, even when they knew those activities would pose a substantial risk of harm because of Abraham's delicate "brittle bone" condition, unless a doctor's statement specifically provided that Abraham was not to participate in physical education activities. Defendant's policy of allowing Abraham to participate in physical education activities, even though it was aware of his condition of Osteogenesis Imperfecta, which made him "medically fragile," whether or not he had a doctor's statement specifically prohibiting physical education, was the cause in fact of Plaintiff's injuries and subjects Defendant SBCISD to liability herein.

In addition, the injuries to Abraham were directly and proximately caused by Defendant SBCISD's custom and policy of failing to implement sufficient safeguards to prevent injury to Abraham and others like him, maintaining a physical education staff that was not sufficiently trained to recognize the risk of injury to persons such as Abraham, failing to adequately train physical education staff to recognize and prevent possible injuries such as that which occurred to Abraham, failing to adequately train and supervise physical education staff to conduct physical education activities, or to avoid those activities, maintaining inadequate screening and safety policies and customs for conducting physical education activities, maintaining a physical education staff unable or unwilling to provide proper safety precautions for medically sensitive students, and failing to implement adequate procedures to gather necessary medical documentation to exempt students from physical education activities where appropriate. Accordingly, Defendant SBCISD is not entitled to dismissal herein.

### D.   Excessive Force or Negligence in Discipline

Defendants challenge Plaintiff's claims of excessive force or negligence in discipline, pursuant to Texas Education Code §22.051. As Defendants point out, Plaintiff alleges a violation of §22.051 only to the extent that Defendants allege or contend that the injuries suffered by Abraham were the result of some form of discipline. Defendants then specifically state that they "make no such assertion." If all Defendants would affirmatively represent to the Court that they do not now, nor will they at any other time, make any assertion that the injuries suffered by Abraham were in any way related to discipline, Plaintiff would agree to dismissal of this claim.

## IV.

## CONCLUSION

The Fourteenth Amendment to the U.S. Constitution clearly established in November 2000 that students such as Abraham have a constitutional right to bodily integrity, protected by the substantive and procedural due process and equal protection clauses. When Defendants assigned, required or authorized Abraham to participate in physical education activities, after they had been made aware of his condition of Osteogenesis Imperfecta, or "brittle bones," they subjected him to an unusually serious risk of harm of which they had knowledge, or to which they were willfully blind, resulting in the injuries to Abraham. This was not a form of corporal punishment for which Defendants could claim immunity. Defendant Villarreal is not entitled to qualified or official immunity because the law was clearly established that "the Constitution protects a school child from deprivation of his bodily integrity...caused by the callous indifference of public school officials." ***Roventini v. Pasadena Indep. School Dist.***, 981 F. Supp. at 1019. Defendant SBCISD is similarly not immune because its customs, policies or procedures were the direct and proximate cause of the injuries to Abraham, in violation of the Fourteenth Amendment. Finally, if Defendants would affirmatively represent that they do not, and will not, assert that the injuries to Abraham were the result of disciplinary measures, Plaintiff would agree to the dismissal of her claim under Texas Education Code §22.051.

WHEREFORE, PREMISES CONSIDERED, Plaintiff **ADELA CANO**, *Individually and on Behalf of her minor son*, **ABRAHAM CANO**, would respectfully request that upon consideration of Defendants San Benito Consolidated Independent School District's and Heriberto Villarreal's Motion to Dismiss, that such motion be DENIED in its entirety, that this action be allowed to proceed to trial, and that Plaintiff be awarded such other and further relief, both general and special, at law and in equity, to which she may show herself to be justly entitled.

Signed on this the 22nd day of April, 2002.

Respectfully submitted,

**LAW OFFICE
J. ARNOLD AGUILAR**
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, Texas  78520
Telephone    :  (956) 504-1100
Facsimile    :  (956) 504-1408

By: _____
J. Arnold Aguilar
State Bar No. 00936270
Federal Adm. No. 6822

Attorney for Plaintiff,
ADELA CANO, Individually and on Behalf
of her son, ABRAHAM CANO, a minor

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above and foregoing **PLAINTIFF'S RESPONSE TO DEFENDANTS SAN BENITO CONSOLIDATED SCHOOL DISTRICT and HERIBERTO VILLARREAL'S MOTION TO DISMISS** has on this the 23rd day of April, 2002, been forwarded via certified mail, return receipt requested to:

Mr. James E. Byrom
EWBANK & BYROM, P.C.
221 West 6th Street, Suite 900
P. O. Box 2430
Austin, TX 78768-2430

Ms. Eileen Leeds
WILLETTE & GUERRA, L.L.P.
3505 Boca Chica Blvd., Suite 460
Brownsville, TX 78521

_____
J. Arnold Aguilar

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ADELA CANO, Individually and on Behalf of her minor son, ABRAHAM CANO, Plaintiff | § § § § | |
| VS. | § § § | CIVIL ACTION NO. B - 01 - 156 |
| SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, HERIBERTO VILLARREAL and PETER GUERRERO, Defendants | § § § § § | |

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**

On the _____ day of _____, 2002, this cause came for hearing on **Defendants San Benito Consolidated Independent School District and Heriberto Villarreal's Motion to Dismiss.**

After hearing the argument of counsel thereon, the Court is of the opinion that Defendants Motion to Dismiss should be DENIED;

IT IS THEREFORE ORDERED, ADJUDGED and DECREED that Defendants San Benito Consolidated Independent School District and Heriberto Villarreal's Motion to Dismiss is DENIED.

SIGNED on this the _____ day of _____, 2002.

_____
U. S. DISTRICT JUDGE