

United States District Court
Southern District of Texas
FILED

MAY 0 3 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ADELA CANO, individually and on behalf of her minor son, ABRAHAM CANO | § § § | |
| VS. | § § | CIVIL ACTION NO. <u>B-01-156</u> (JURY REQUESTED) |
| SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT HERIBERTO VILLARREAL, AND PETER GUERRERO | § § § § | |

**DEFENDANTS, SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT AND HERIBERTO VILLARREAL'S,
<u>REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS</u>**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW HERIBERTO VILLARREAL AND SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, Defendants in the above-styled and numbered cause, and file this their Reply to Plaintiff's Response to Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and would show the Court the following:

### I.
### <u>STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING</u>

This damage claim is brought by Plaintiff alleging violations of 42 U.S.C. §1983, the 14th Amendment to the United States Constitution, and Texas Education Code §22.001 *et. seq.* Plaintiff alleges that the minor Plaintiff suffers from a rare bone disease. She asserts that she informed the school district and its officials of this fact, and that her son was not to participate in any physical activity. While participating in a physical education class, the minor plaintiff suffered a broken ankle. Plaintiff alleges Defendant Villarreal violated Abraham Cano's rights to procedural and substantive due process protected by the United States Constitution. She also alleges negligence and excessive discipline under Texas state law. This claim was filed in October, 2001.

## II.
## SUMMARY OF REPLY

(A)　Defendant Villarreal is entitled to dismissal based upon qualified and official immunity.

(B)　Plaintiff has failed to properly allege or show a policy or practice of the San Benito Consolidated Independent School District which manifests "deliberate indifference" to the rights of its students.

(C)　Plaintiff's allegation that Heriberto Villareall is a "policy maker" for the District is contrary to the Tex. Educ. Code Ann. §11.151 and Texas Case law.

(D)　Plaintiff has "abandoned" any claim of negligent discipline.

## III.
## ARGUMENTS AND AUTHORITIES

Plaintiff alleges a right to "bodily integrity". As stated in Defendant's Motion to Dismiss, in order for Plaintiff to prevail under 42 U.S.C. §1983, there must be a constitutional deprivation, not merely negligence or excessive discipline. *Daniel v. Williams*, 474 U.S. 327, 332-33, 106 S.Ct. 662, 663, 88 L.Ed.2d 662 (1986). Plaintiff's allegation against Defendant Villarreal is that he failed to properly supervise Defendant Guerrero. Plaintiff's allegation against San Benito Independent School District is that Villarreal is a "policy maker" for the District, and therefore, the District is liable for a policy or practice which manifests deliberate indifference to the constitutional rights of Abraham Cano. Both claims fail as a matter of law.

**(A)　Defendant Villarreal is not liable in his supervisory capacity.**

Plaintiff alleges liability against Defendant Villarreal under *Doe v. Taylor*, 15 F.3d 443 (5th Cir. 1994)(en banc), *cert. denied*, 513 U.S. 815, 115 S.Ct 79, 130 L.Ed.2d 25 (1994). Initially, it

should be noted that Doe involved the sexual abuse of a student, which abuse was known by a school official ultimately held liable for failure to take action to stop such activity. The case involved "egregious and outrageous conduct". *Id.*, at 455. The *Doe* case is clearly different than the case at bar. Even assuming that the holding in *Doe* applies to the case at hand, in order to prevail, Plaintiff must show: (1) Mr. Villareall learned of facts or a pattern of actions by Guerrero pointing plainly toward the conclusion that Guerrero was abusing Abraham Cano; and (2) Mr. Villarreal demonstrated deliberate indifference toward the constitutional rights of Abraham Cano by failing to take action that was obviously necessary to stop the abuse; and, (3) that the failure caused constitutional injury to Abraham Cano. *Id.*, at 454.

Plaintiff cannot show that Mr. Villarreal "learned of facts or a pattern of action...of abuse of Abraham Cano." Therefore, his claim fails. Further, deliberate indifference is described as a "lesser form of intent". In other words, the action (or inaction) of Mr. Villarreal must be such that he believed or should have believed that his conduct was very likely to result in a constitutional violation. *Germany v. Vance*, 868 F.2d 9, 57 USLW 2499 (1st Cir. 1989), *rehearing denied*. Plaintiff has not and cannot make such claim. Therefore, his claim against Defendant Villarreal in his supervisory capacity must fail.

(2) **Defendant Villarreal is entitled to qualified immunity.**

As stated in his Motion to Dismiss, qualified immunity protects government officials who perform discretionary functions from liability "unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." *Gibson v. Rich*, 44 F.3d 274, 276 (5th Cir. 1995). "The touchstone of this inquiry is whether a reasonable person would have believed that his conduct conformed to the constitutional standard in light of the

information available to him and the clearly established law." *Goodson v. Corpus Christi*, 202 F.3d 730, 736 (5th Cir. 2000). Plaintiff has failed to allege, and is unable to show that Abraham Cano's attendance in physical education was a violation of his constitutional rights, or that a reasonable person would not believe that Mr. Villarreal's actions were constitutional. Plaintiff has only made broad, conclusory statements in this regard, which do not overcome Defendant's qualified immunity. The Fifth Circuit has made clear that broad or conclusory allegations made against an individual defendant are not sufficient to overcome qualified immunity. Rather, a plaintiff must set forth with factual detail and particularity the basis for the claim which necessarily includes why the defendant official cannot successfully maintain the defense of immunity. *Wicks v. Mississippi State Employment Services*, 41 F.3d 991,996 (5th Cir. 1995). Therefore, because Plaintiff is unable to state with any detail or particularity the basis for why Defendant Villarreal could not maintain his defense of qualified immunity, Defendant Villarreal should be dismissed.

(3) **Plaintiff cannot show a "Policy or Practice" of deliberate indifference.**

As previously stated, to maintain a cause of action against San Benito Consolidated Independent School District under 42 U.S.C. §1983, Plaintiff must show that an official custom or policy of the District caused the alleged constitutional violations. *Monell v. Dept. of Social Services*, 98 S.Ct. 2018, 436 U.S. 658, 56 L.Ed.2d 511 (1978). The District *cannot* be held liable for acts of its employees on the basis of *respondeat superior*. In an effort to meet this burden, Plaintiff alleges that Defendant Villarreal was the "policy making official" for the District. However, this is contrary to TEX. EDUC. CODE ANN. §11.151, and case law interpreting the Education Code. Under the Education Code, the Board has "the exclusive power and duty to govern and oversee the management of the public schools of the district. All powers and duties not specifically delegated

by statute to the agency or to the State Board of Education are reserved for the trustees..." TEX. EDUC. CODE. ANN. §11.151(b). TEX. EDUC. CODE ANN. §11.201 describes the duties of the superintendent. Under this section, the superintendent is the implementer of policy, rather than the policy maker. *TSTA v. Mesquite ISD*, 2001 WL 1029514 (N.D. Tex.). This determination is consistent with the cases of *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986); *Bates v. Dallas I.S.D.*, 952 S.W.2d 543 (Tex. App.–Dallas, 1997); *Gonzalez v. Ysleta I.S.D.*, 996 F.2d 745, 752 (5th Cir. 1993); *Jett v. Dallas I.S.D.*, 7 F.3d 1241, 1245 (5th Cir. 1993). This authority *cannot* be delegated. Although administrators may have decision-making authority, they are not "policy makers." *Jett*, 7 F.3d at 1246. Plaintiff's response fails to point out an official policy or widespread practice.

As stated in Defendant's Motion to Dismiss, the Supreme Court has described an official *policy* as a "deliberate choice to follow a particular course of action . . . made from among various alternatives by officials who have the authority to establish governmental policy." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986). A *custom,* on the other hand, is a pattern of "persistent and widespread" practice of governmental officials, which are not necessarily approved through formal decision-making channels, but which become so "permanent and well settled" as to have the force and effect of law. *Monell*, 436 U.S. at 691. Plaintiff has failed to show any official policy of the District in this matter.

Further, because Villarreal cannot, as a matter of law, make policy for the District, Plaintiff must show a widespread policy or practice. Plaintiff has failed to point out any action of any of the Defendants which could be termed a pattern of "persistent and widespread" practice. Also, Plaintiff has failed to even allege that policy makers were the "moving force" behind the alleged injury. *See*

*Pembaur*, 475 U.S. at 482; *Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985). Therefore, Plaintiff's claims in this regard fail as a matter of law.

### (4) Plaintiff has abandoned his claim of negligent discipline.

In his response, Plaintiff states that the claims are not based upon corporal punishment. Therefore, any claim that might exist in this regard has been abandoned by Plaintiff and should be dismissed.

WHEREFORE, PREMISES CONSIDERED, Defendants San Benito Consolidated Independent School District and Heriberto Villarreal, Individually and in his official capacity, pray that upon hearing their Rule 12(b)(6) Motion to Dismiss same shall be granted, Plaintiff take nothing by her suit, that these Defendants recover all costs incurred herein, and that these Defendants have such other and further relief, at law or in equity, to which they may show themselves to be justly entitled.

Respectfully submitted,

EWBANK & BYROM, P.C.
221 West 6th Street, Suite 900
Austin, Texas 78701
Telephone: (512) 476-1080
Facsimile: (512) 476-7770

By: _____
JAMES E. BYROM
State Bar No. 03568100
Federal No. 6874
**ATTORNEYS FOR SAN BENITO C.I.S.D.
AND HERIBERTO VILLARREAL**

## CERTIFICATE OF SERVICE

I hereby certify by my signature below that a true and correct copy of the above and foregoing document has been served on the following attorneys of record via certified mail, return receipt requested, on this the 2nd day of May, 2002.

**Via CM/RRR No.: 7001 2510 0006 7551 6589**
Mr. J. Arnold Aguilar
Law Office of J. Arnold Aguilar
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, Texas 78520

**Via CM/RRR No.: 7001 2510 0006 7551 6602**
Ms. Eileen M. Leeds
Willette & Guerra, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Boulevard
Brownsville, Texas 78521

_____
JAMES E. BYROM