IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

**ORIGINAL**

United States District Court
Southern District of Texas
FILED

MAY 0 9 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ADELA CANO, individually and on behalf of her minor son, ABRAHAM CANO | § § § | |
| VS. | § § | CIVIL ACTION NO. B-01-156 |
| SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, HERIBERTO VILLARREAL, AND PETER GUERRERO | § § § § | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO AMEND**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW HERIBERTO VILLARREAL AND SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, Defendants in the above-styled and numbered cause, and files this Defendants' Response to Plaintiff's Motion to Amend pursuant to Federal Rule of Civil Procedure 15 and would show the Court the following:

I.

**STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING**

This damage claim is brought by Plaintiff alleging violations of 42 U.S.C. §1983, the 14th Amendment to the United States Constitution, and Texas Education Code §22.001 *et. Seq.* Plaintiff alleges that the minor Plaintiff suffers from a rare bone disease. She asserts that she informed the school district and its officials of this fact, and that her son was not to

participate in any physical activity. While participating in a physical education class, the minor plaintiff suffered a broken ankle. Plaintiff alleges Defendant Villarreal violated Abraham Cano's rights to procedural and substantive due process protected by the United States Constitution. She also alleges negligence and excessive discipline under Texas state law. This claim was filed in October, 2001.

## II.

### PROPOSED AMENDMENT

As stated, Plaintiff's Motion to Amend requests this Honorable Court to allow Plaintiff to "more specifically identify the claims against Defendant San Benito Consolidated Independent School District."

## III.

### STANDARD

Defendants are aware that the Supreme Court, in the case of *Foman v. Davis*, 371 U.S. 178, 182; 83 S.Ct. 227, 230 (1962), stands for the proposition that a District Court should grant leave to amend unless there is a good reason to deny such motion. In other words, leave to amend should be freely granted when justice so requires. However, Defendants assert that Plaintiff's Motion to Amend should be denied based upon the fact that the more specific complaint against San Benito Consolidated Independent School District is futile, and it should not survive a motion to dismiss for failure to state a claim upon which relief could be granted *Sweaney v. Ada Cty.*, 119 F.3d 1385, 1393 (9th Cir. 1997).

## IV.

## **ARGUMENT AND AUTHORITIES**

As stated in Defendants' Reply to Plaintiff's Response to Motion to Dismiss, in order for Plaintiff to prevail against the San Benito Independent School District, she must show that an official custom or policy of the District caused the alleged constitutional violations. *Monell v. Dept. of Social Services,* 98 S.Ct. 2018, 436 U.S. 658, 56 L.Ed.2d 511 (1978). The District *cannot* be held liable for acts of its employees on the basis of *respondeat superior*. In an effort to meet this burden, Plaintiff alleges that Defendant Villarreal was the "policy making official" for the District. However, this is contrary to TEX. EDUC. CODE ANN. §11.151, and case law interpreting the Education Code. Under the Education Code, the Board has "the exclusive power and duty to govern and oversee the management of the public schools of the district. All powers and duties not specifically delegated by statute to the agency or to the State Board of Education are reserved for the trustees..." TEX. EDUC. CODE. ANN. §11.151(b). TEX. EDUC. CODE ANN. §11.201 describes the duties of the superintendent. Under this section, the superintendent is the implementer of policy, rather than the policy maker. *TSTA v. Mesquite ISD,* 2001 WL 1029514 (N.D. Tex.). This determination is consistent with the cases of *Pembaur v. City of Cincinnati,* 475 U.S. 469, 483 (1986); *Bates v. Dallas I.S.D.,* 952 S.W.2d 543 (Tex. App.–Dallas, 1997); *Gonzalez v. Ysleta I.S.D.,* 996 F.2d 745, 752 (5th Cir. 1993); *Jett v. Dallas I.S.D.,* 7 F.3d 1241, 1245 (5th Cir. 1993). This authority *cannot* be delegated. Although administrators may have decision-making authority, they are not "policy makers." *Jett,* 7 F.3d at 1246.

As stated in Defendant's Motion to Dismiss, the Supreme Court has described an official *policy* as a "deliberate choice to follow a particular course of action . . . made from among various alternatives by officials who have the authority to establish governmental policy." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986). A *custom,* on the other hand, is a pattern of "persistent and widespread" practice of governmental officials, which are not necessarily approved through formal decision-making channels, but which become so "permanent and well settled" as to have the force and effect of law. *Monell*, 436 U.S. at 691. Plaintiff has failed to show any official policy of the District in this matter.

Further, because Villarreal cannot, as a matter of law, make policy for the District, Plaintiff must show a widespread policy or practice. Plaintiff has failed to point out any action of any of the Defendants which could be termed a pattern of "persistent and widespread" practice. Also, Plaintiff has failed to even allege that policy makers were the "moving force" behind the alleged injury. *See Pembaur*, 475 U.S. at 482; *Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985). Therefore, Plaintiff's claims in this regard fail as a matter of law.

WHEREFORE, PREMISES CONSIDERED, Defendants San Benito Consolidated Independent School District and Heriberto Villarreal, Individually and in his official capacity, pray that Plaintiff's Motion for Leave to File Second Amended Original Complaint be denied, and that these Defendants have such other and further relief, at law or in equity, to which they may show themselves to be justly entitled.

Respectfully submitted,

EWBANK & BYROM, P.C.
221 West 6th Street, Suite 900
Austin, Texas 78701
Telephone: (512) 476-1080
Facsimile: (512) 476-7770

By: _____
JAMES E. BYROM
State Bar No. 03568100
Federal No. 6874
**ATTORNEYS FOR SAN BENITO C.I.S.D.
AND HERIBERTO VILLARREAL**

**CERTIFICATE OF SERVICE**

I hereby certify by my signature below that a true and correct copy of the above and foregoing document has been served on the following attorneys of record via certified mail, return receipt requested, on this the 8th day of May, 2002.

**Via CM/RRR No.: 7001 2510 0006 7551 6701**
Mr. J. Arnold Aguilar
Law Office of J. Arnold Aguilar
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, Texas 78520

**Via CM/RRR No.: 7001 2510 0006 7551 6718**
Ms. Eileen M. Leeds
Willette & Guerra, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Boulevard
Brownsville, Texas 78521

_____
JAMES E. BYROM