IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 0 1 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ADELA CANO, Individually and on behalf of her minor son, ABRAHAM CANO | § § § | |
| VS. | § § | CIVIL ACTION NO. B-01-156 (JURY REQUESTED) |
| SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, HERIBERTO VILLARREAL, AND PETER GUERRERO | § § § § | |

---

### PETER GUERRERO'S REPLY TO PLAINTIFF'S RESPONSE TO PETER GUERRERO'S MOTION TO DISMISS

---

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW PETER GUERRERO, Defendant in the above-styled and numbered cause, and files this his Reply to Plaintiff's Response to Peter Guerrero's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and would show the Court the following:

### I.

### BACKGROUND

1.  This is an action for damages filed pursuant to 42 U.S.C. § 1983, the Fourteenth Amendment to the United States Constitution, and Texas Education Code § 22.001, *et. seq.* Plaintiff claims Defendant Guerrero violated Abraham Cano's rights to procedural and substantive due process protected by the United States Constitution. Additionally, Plaintiff claims Defendant Guerrero

violated Texas law by either: 1) committing negligent acts which resulted in bodily injury to Abraham Cano, or 2) using excessive force in discipline which resulted in bodily injury to Abraham Cano.

## II.

### REPLY

2. The Plaintiff has not met his burden in alleging a violation of the Fourteenth Amendment to the United States Constitution. In his Response to Peter Guerrero's Motion to Dismiss, he doesn't even attempt to do so. Plaintiff focuses solely on an argument Defendant Peter Guerrero asserted in the alternative, which is that if Defendant was disciplining Abraham Cano, as alleged by Plaintiff, the Fourteenth Amendment is not implicated under Supreme Court and Fifth Circuit precedent. In completely ignoring the main thrust of Defendant's motion, Plaintiff fails to clear his initial hurdle under Fourteenth Amendment law, which is asserting a recognized liberty or property interest within the purview of the Fourteenth Amendment. *Griffith v. Johnston*, 899 F.2d 1427, 1435 (5th Cir.1990), *cert. denied*, 498 U.S. 1040, 111 S.Ct. 712, 112 L.Ed.2d 701 (1991).

3. Plaintiff points to the "right to bodily integrity" as the recognized liberty interest which Defendant Guerrero allegedly deprived Abraham Cano of. Defendant Guerrero agrees that the Fifth Circuit has recognized a student's liberty interest in maintaining bodily integrity. *Doe v. Taylor*, 15 F.3d 443 (5th Cir.1994) (en banc), *cert. denied*, 513 U.S. 815, 115 S.Ct. 70, 130 L.Ed.2d 25 (1994). However, Plaintiff's factual allegations do not implicate this interest. When we review the cases in this Circuit where such an interest was implicated, we see far more egregious facts, such as sexual

molestation or lashing a child to a chair. *Moore v. Willis Independent Sch. Dist.*, 233 F.3d 871, (5th Cir. 2000)(student being subjected to exercise as punishment *did not* implicate the student's liberty interest in maintaining bodily integrity); *Doe v. Taylor*, 15 F.3d 443 (5th Cir.1994) (en banc), *cert. denied*, 513 U.S. 815, 115 S.Ct. 70, 130 L.Ed.2d 25 (1994)(child being sexually molested by a teacher implicated the child's liberty interest in maintaining bodily integrity); *Jefferson v. Ysleta Indep. Sch. Dist.*, 817 F.2d 303 (5th Cir.1987)(student being lashed to chair implicated the student's liberty interest in maintaining bodily integrity); *Morris v. Dearborne*, 181 F.3d 657 (5th Cir. 1999)(sitting on teacher's lap and typing did not implicate student's liberty interest in maintaining bodily integrity).

4.   Plaintiff would have this court believe that Defendant Guerrero either forced Abraham Cano to participate in physical education class, or failed to prevent Abraham Cano from participating in physical education class, and that this implicated the right to bodily integrity. Obviously, such conduct does not rise to the level where the right to bodily integrity is implicated, as evidenced by the precedent outlined above.

5.   Plaintiff has also declined an attempt to meet his burden to overcome Defendant Guerrero's qualified immunity. Defendant Guerrero is entitled to qualified immunity under Federal Law, it's State counterpart, official immunity, and immunity under Texas Education Code § 22.051. Qualified immunity protects government officials who perform discretionary functions from liability "unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." *Gibson v. Rich*, 44 F.3d 274, 276 (C.A.5 (Tex.) 1995).

6.      Plaintiff complains in his Response that Defendant merely "parrots qualified immunity language" and does not address Plaintiff's factual allegations. Perhaps Plaintiff does not understand the qualified immunity analysis. Defendant Guerrero is *entitled* to immunity. It is not Defendant Guerrero's burden to prove up his immunity, it is Plaintiff's burden to overcome it. Plaintiff has not done so.

7.      To begin, Plaintiff must allege the violation of a constitutional right. *Hale v. Townley*. 45 F.3d 914, 917, (5th Cir.1995). As has already been shown, Plaintiff has not properly identified a liberty or property interest under the Fourteenth Amendment, and thus has not alleged the violation of a constitutional right. Plaintiff would have this court hold that Abraham Cano had a clearly established constitutional right *not* to participate in physical education or to have Defendant Guerrero *restrain* him from participating. Surely, the Fourteenth Amendment does not reach to such illogical extremes.

8.      Even if the Plaintiff had alleged a constitutional violation, he could not prevail, because the complained of conduct was objectively reasonable in light of clearly established law at the time that the challenged conduct occurred. *Id* at 917. "The touchstone of this inquiry is whether a reasonable person would have believed that his conduct conformed to the constitutional standard in light of the information available to him and the clearly established law." *Goodson v. Corpus Christi*, 202 F.3d 730, 736 (5th Cir.2000).

9.      What facts has Plaintiff alleged which would show Defendant Guerrero's conduct to be objectively unreasonable? How has Plaintiff clearly established that the law provided Abraham Cano with a right *not* to participate in physical education or to have Defendant Guerrero *restrain* him

from participating? The answers to these questions are "none" and "he hasn't." Plaintiff ignores the fact that Defendant Guerrero's job is to instruct students in physical education, that Texas law requires physical education in school districts like San Benito, and that the state specifically requires that physical education be offered to disabled students like Abraham Cano. TEX. EDUC. CODE ANN. § 28.002 (Vernon 2001); TEX. EDUC. CODE ANN. § 29.001 (Vernon 2001) [1]

10. Plaintiff must set forth with factual detail and particularity the basis for the claim which necessarily includes why Defendant Guerrero cannot successfully maintain the defense of immunity. *Wicks v. Mississippi State Employment Services*, 41 F.3d 991,996 , (C.A.5 (Miss.) 1995). If the plaintiff is unable to meet these pleading requirements, the complaint should be dismissed immediately, as to do otherwise would abrogate the qualified immunity defense itself. *Wicks* at 996.

### III.

### CONCLUSION

11. Plaintiff has not properly identified a liberty interest protected by the Fourteenth Amendment. They claim Abraham Cano's right to bodily integrity is at issue, but this is not really the case. The facts as alleged show that they are attempting to litigate a tort in the guise of a due process claim. The Fourteenth Amendment has not been implicated and thus Plaintiff's claims under 42 U.S.C. § 1983 should be dismissed.

---

[1] While physical education is a required class in the eighth grade in the San Benito Consolidated Independent School District, Abraham Cano's parents could have asked that he be exempted from participating by producing doctor's orders to that effect.

12.     Defendant Guerrero is entitled to immunity. Plaintiff has not alleged the violation of a constitutional right. Additionally, Plaintiff has alleged no facts which would show that Defendant Guerrero's actions were not objectively reasonable in light of clearly established law at the time the complained of conduct occurred.

13.     WHEREFORE, PREMISES CONSIDERED, Defendant Guerrero prays that upon hearing, this Rule 12(b)(6) Motion to Dismiss be granted, Plaintiff take nothing by their suit, that this Defendant recover all costs incurred herein, and that this Defendant have such other and further relief, at law or in equity, to which he may show himself to be justly entitled.

>                          Respectfully submitted,
>
>                          WILLETTE & GUERRA, L.L.P.
>                          International Plaza, Ste. 460
>                          3505 Boca Chica Blvd.
>                          Brownsville, Texas 78521
>                          Telephone: (956) 541-1846
>                          Facsimile: (956) 541-1893
>
>                          BY: _____
>                          EILEEN M. LEEDS
>                          State Bar No. 00791093
>                          Federal I.D. No. 16799
>
>                          SETH MOORE
>                          State Bar No. 24027522
>                          Federal I.D. No. 28488
>
>                          **ATTORNEY FOR DEFENDANT**
>                          **PETER GUERRERO**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing DEFENDANT PETER GUERRERO'S REPLY TO PLAINTIFF'S RESPONSE TO PETER GUERRERO'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) has been served by mailing same, Certified Mail, Return Receipt Requested to all counsel of record, as follows:

Mr. J. Arnold Aguilar
LAW OFFICE OF J. ARNOLD AGUILAR
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, Texas 78520

Mr. Jim Byrom
EWBANK & BYROM
221 West Sixth Street, Suite 900
P.O. Box 2430
Austin, Texas 78701

on this _____1_____ day of July, 2002

                                                                      EILEEN LEEDS