IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 1 9 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ADELA CANO, individually and on behalf of her minor son, ABRAHAM CANO | § § § | |
| VS. | § § | CIVIL ACTION NO. B-01-156 (JURY REQUESTED) |
| SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT HERIBERTO VILLARREAL, AND PETER GUERRERO | § § § § | |

**DEFENDANT SAN BENITO CONSOLIDATED INDEPENDENT
SCHOOL DISTRICT'S MOTION TO DISMISS PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, one of the Defendants in the above-styled and numbered cause, and files this its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and would show the Court the following:

I.

**STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING**

This damage claim is brought by Plaintiff alleging violations of 42 U.S.C. §1983, the Fourteenth Amendment to the United States Constitution, and Texas Education Code §22.001 *et. seq.* Plaintiff alleges that the minor Plaintiff suffers from a rare bone disease.

-1-

She asserts that she informed the school district and its officials of this fact, and demanded that her son was not to participate in any physical activity. She was asked to obtain and provide a physicians excuse to exempt her son, but never provided one. While allegedly participating in a physical education class, the minor Plaintiff suffered a broken ankle and knee. Plaintiff alleges Defendants Villarreal and San Benito Consolidated Independent School District violated Abraham Cano's rights to procedural and substantive due process protected by the United States Constitution. She also alleges negligence and excessive discipline under Texas state law. This claim was filed in October, 2001.

## II.

## SUMMARY OF ARGUMENT

(1) Plaintiff has failed to properly allege the violation of a constitutional right by failing to identify a liberty interest under the Fourteenth Amendment to the United States Constitution.

(2) Plaintiff has failed to allege a violation of procedural due process.

(3) Plaintiff has failed to properly allege or show a policy or practice of the San Benito Consolidated Independent School District which manifests "deliberate indifference" to the rights of its students.

(5) Plaintiff's state law claims should be dismissed because the laws of the State of Texas provide an adequate remedy.

(6)  Plaintiff failed to exhaust administrative remedies, thereby depriving this Honorable Court of subject matter jurisdiction over state law claims.

### III.

### MOTION TO DISMISS UNDER RULE 12(b)(6)

**A.  Standard for dismissal under Rule 12(b)(6).**

Plaintiff has failed to state a claim for which relief can be granted. Accordingly, her lawsuit is ripe for dismissal under Federal Rule of Civil Procedure 12(b)(6). Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint should be dismissed for failure to state a claim if the face of the plaintiff's pleading shows, beyond doubt, that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Garrett v. Commonwealth Mtg. Co.*, 938 F.2d 591, 594 (5th Cir. 1991). Under this standard, a court may dismiss a complaint if the plaintiff cannot possibly prevail on his claims. *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1973). Although the Rule 12(b)(6) standard is stringent, "the mere fact that a standard is stringent does not suggest that it can never be met." *Mahone v. Addicks Utility Dist. of Harris County*, 836 F.2d 921, 927 (5th Cir. 1988).

Plaintiff has filed an Amended Original Complaint. Therefore, Plaintiff has had full opportunity to state a proper cause of action, if such were possible. It is the position of this Defendant that Plaintiff has failed to state a cause of action against it.

-3-

B.  **Plaintiff's claims under 42 U.S.C. §1983 should be dismissed.**

   1.  **Plaintiff has not properly alleged the violation of any constitutional right.**

Plaintiff has not alleged a violation of the Fourteenth Amendment to the United States Constitution. To state a cause of action under 42 U.S.C. §1983 for violation of the due process clause, a plaintiff must show that they have asserted a recognized 'liberty or property' interest within the purview of the Fourteenth Amendment, and that they were intentionally or recklessly deprived of that interest, even temporarily, under color of state law." *Griffith v. Johnston*, 899 F.2d 1427, 1435 (5th Cir.1990), *cert. denied*, 498 U.S. 1040, 111 S.Ct. 712, 112 L.Ed.2d 701 (1991). Plaintiff cannot meet this burden.

   a.  **Punishment**

Plaintiff claims that the imposition of punishment by Defendant Villarreal caused a violation of substantive and procedural due process rights. Even if Defendant Villarreal was imposing punishment, which Defendant denies, Plaintiff could not prevail.

First, the Fifth Circuit has "consistently held that, as long as the state provides an adequate remedy, a public school student cannot state a claim for denial of substantive due process through excessive corporal punishment, whether it be against the school system, administrators, or the employee who is alleged to have inflicted the damage." *Moore v. Willis Independent School Dist.*, 233 F.3d 871, (C.A.5 (Tex.) 2000); *Fee v. Herndon*, 900 F.2d 804 (5th Cir. 1990), *cert. denied*, 498 U.S. 908, 111 S.Ct. 279, 112 L.Ed.2d 233 (1990). This is due to the fact that educators in states that proscribe student mistreatment and provide

a remedy do not act arbitrarily, which is a necessary predicate for substantive due process relief. *Moore,* 233 F.3d at 875. On facts very similar to ours, the *Moore* court held that Texas does have state law remedies for the types of violations that Plaintiff alleges. Thus Plaintiff has not properly alleged a violation of substantive due process rights under the Fourteenth Amendment.

Further, for jurisdiction to exist in a case involving the laws of Texas, such as a negligent discipline allegation, Plaintiff must have exhausted her available remedies with the School District. Plaintiff cannot produce evidence of exhaustion of remedies because Plaintiff did not avail herself of the formal grievance procedures of the San Benito Consolidated Independent School District. Therefore, the claim of negligent or excessive discipline claim should be dismissed.

   b. **"Bodily Integrity"**

Plaintiff alleges a right to "bodily integrity" under *Doe v. Taylor,* 15 F.3d 443 (5th Cir. 1994)(en banc), *cert. denied,* 513 U.S. 815, 115 S.Ct 79, 130 L.Ed.2d 25 (1994). However, Plaintiff's First Amended Original Complaint sounds in tort and negligence. In order for Plaintiff to prevail under 42 U.S.C. §1983, there must be a constitutional deprivation, not merely negligence or excessive discipline. *Daniel v. Williams,* 474 U.S. 327, 332-33, 106 S.Ct. 662, 663, 88 L.Ed.2d 662 (1986). Plaintiff alleges a failure to prevent Abraham Cano from participating in physical education. Stated another way, Plaintiff is asserting a constitutional right not to participate in physical education in school. There is no such

constitutional right under the Fourteenth Amendment. Because Plaintiff has failed to properly allege a constitutional deprivation, this case should be dismissed.

Additionally, Plaintiff has not stated a violation of procedural due process rights. Even if we assume, as Plaintiff contends, that Abraham Cano was subjected to punishment in the form of exercise, the Supreme Court has held that subjecting students to corporal punishment without prior notice and a hearing did not violate procedural due process. *Ingraham*, 430 U.S. at 682. Thus, Plaintiff cannot proceed with her Fourteenth Amendment claim, and it should be dismissed.

### C.   Plaintiff cannot show a "Policy or Practice" of deliberate indifference.

San Benito Consolidated Independent School District is also entitled to summary judgment on all claims brought under 42 U.S.C. §1983. To maintain a cause of action against San Benito Consolidated Independent School District under 42 U.S.C. §1983, Plaintiff must show that an official custom or policy of the District caused the alleged constitutional violations. *Monell v. Dept. of Social Serv.*, 436 U.S. 658, 691 (1978).

Initially, it should be noted that the curriculum required to be offered to students is promulgated by the State of Texas in 19 TAC §71.1 and §71.3. Therefore, the policy of what courses are going to be offered is not a policy of the District, but a policy of the State of Texas. Therefore, Plaintiff cannot prevail. Even if a written policy of the District requires physical education classes, it cannot be said that such a policy was the moving force behind a violation of any student's constitutional rights, nor that it constituted deliberate

-6-

indifference. Also, Plaintiff has produced no evidence to show that this is a long-standing practice.

Further, the District *cannot* be held liable for acts of its employees on the basis of *respondeat superior*. Instead, Plaintiff must prove that the *Board of Trustees*, by policy or custom, caused his injuries. Finally, a §1983 complainant must support his or her claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Shultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995); *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir.), *cert. denied*, 498 U.S. 908 (1990).

The Supreme Court has described an official *policy* as a "deliberate choice to follow a particular course of action . . . made from among various alternatives by officials who have the authority to establish governmental policy." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986). A *custom,* on the other hand, is a pattern of "persistent and widespread" practice of governmental officials, which are not necessarily approved through formal decision-making channels, but which become so "permanent and well settled" as to have the force and effect of law. *Monell*, 436 U.S. at 691. Regardless of whether a plaintiff alleges an official policy or custom, he must show that *policy-making officials* were somehow responsible for a policy or custom which caused a constitutional violation. *Pembaur*, 475 U.S. at 482; *Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985) (a plaintiff must show that the policy-makers were the "moving force" behind the alleged injury).

Whether a particular official has *policy-making authority* to bind the entity is ultimately a question of state law. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988). Under Texas law, *only* the School District's Board of Trustees has final policy-making authority. *Bates v. Dallas I.S.D.*, 952 S.W.2d 543 (Tex. App.–Dallas, 1997); *Gonzalez v. Ysleta I.S.D.*, 996 F.2d 745, 752 (5th Cir. 1993); *Jett v. Dallas I.S.D.*, 7 F.3d 1241, 1245 (5th Cir. 1993). This authority *cannot* be delegated. Although administrators may have decision-making authority, they are not "policy makers." *Jett*, 7 F.3d at 1246.

Plaintiff must therefore show that the San Benito Consolidated Independent School District Board of Trustees (the final policy-making officials), by policy or custom, caused the alleged injuries. Specifically, Plaintiff must prove that the alleged injuries were caused by the San Benito Consolidated Independent School District Board of Trustees' deliberate indifference to his constitutional rights. *Ysleta*, 996 F.2d at 760-62. This Plaintiff cannot as a matter of law.

There is absolutely no evidence that an official policy or custom <u>of San Benito Consolidated Independent School District</u> caused Plaintiff's alleged injury. Any policy of the District regarding curriculum simply reiterates the requirements of 19 TX ADC §74.3, which describes required secondary curriculum. Defendant asserts that it would be improper to hold a school district liable for restating and attempting to enforce the requirements of state law. Nor is there any evidence that the San Benito Consolidated Independent School District Board of Trustees took any action related to Plaintiff which constituted a deliberate

indifference to his constitutional rights. Further, neither Mr. Villarreal nor Mr. Guerrero are persons with "policy making" authority. Thus, the District cannot be held responsible under §1983 for Plaintiff's alleged injuries and summary judgment is appropriate.

**Plaintiff's claims under Texas Education Code §22.051 should be dismissed.**

    **1.    Defendants are immune from claims of negligence.**

Texas Education Code §22.051, states, in part:

> "(a) A professional employee of a school district is not personally liable for any act that is incident to or within the scope of the duties of the employee's position of employment and that involves the exercise of judgment or discretion on the part of the employee, except in circumstances in which a professional employee uses excessive force in the discipline of students or negligence resulting in bodily injury to students."

It should be noted that it is undisputed that Mr. Villarreal was within the scope of the duties of his position with the San Benito Consolidated Independent School District.

    **2.    Plaintiff failed to exhaust her administrative remedies.**

Again, assuming arguendo that this incident involved excessive discipline, it should be dismissed because Plaintiff failed to exhaust her administrative remedies with the San Benito Consolidated Independent School District before filing suit, thereby depriving the court of subject matter jurisdiction to hear such claims. See Texas Education Code §7.057, (formerly Educ. Code §11.13); *Grimes v. Stringer*, 957 S.W. 2d 865 (Tx. App. Tyler, 1997); *Friona v. King*, 15 S.W.3d 653 (Tex. App.-Amarillo, 2000); *Godley I.S.D. v. Woods*, 25 S.W.3d 656 (Tex. App.-Waco, 2000).

WHEREFORE, PREMISES CONSIDERED, Defendant San Benito Consolidated Independent School District prays that upon hearing its Rule 12(b)(6) Motion to Dismiss same shall be granted, Plaintiff take nothing by her suit, that this Defendant recover all costs incurred herein, and that this Defendant have such other and further relief, at law or in equity, to which it may show itself to be justly entitled.

Respectfully submitted,

EWBANK & BYROM, P.C.
221 West 6th Street, Suite 900
Austin, Texas 78701
Telephone: (512) 476-1080
Facsimile: (512) 476-7770

By: _____
JAMES E. BYROM
State Bar No. 03568100
Federal No. 6874

**ATTORNEYS FOR SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT**

## CERTIFICATE OF SERVICE

I hereby certify by my signature below that a true and correct copy of the above and foregoing document has been served on the following attorneys of record via certified mail, return receipt requested, and or facsimile on this the 18<sup>h</sup> day of September, 2003.

*Via CM/RRR No.: 7002 2030 0006 2113 3974*
Mr. J. Arnold Aguilar
Law Office of J. Arnold Aguilar
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, Texas 78520

*Via CM/RRR No.: 7002 2030 0006 2113 4513*
Ms. Eileen M. Leeds
Willette & Guerra, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Boulevard
Brownsville, Texas 78521

_____
JAMES E. BYROM