47

United States District Court
Southern District of Texas
FILED

SEP 2 5 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ADELA CANO, Individually and on     §
behalf of her minor son, ABRAHAM CANO     §
    §
VS.     §     CIVIL ACTION NO. B-01-156
    §     (JURY REQUESTED)
SAN BENITO CONSOLIDATED     §
INDEPENDENT SCHOOL DISTRICT,     §
HERIBERTO VILLARREAL, AND     §
PETER GUERRERO     §

---

## DEFENDANT PETER GUERRERO'S RENEWED MOTION TO DISMISS

---

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW PETER GUERRERO, Defendant in the above-styled and numbered cause, and files this his Renewed Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and would show the Court the following:

## I.

## BACKGROUND

This is an action for damages filed pursuant to 42 U.S.C. § 1983, the Fourteenth Amendment to the United States Constitution, and Texas Education Code § 22.001, *et. seq*. Plaintiff claims Defendant Guerrero violated Abraham Cano's rights to procedural and substantive due process protected by the United States Constitution. Plaintiff also claims Defendant Guerrero violated Texas law by either: 1) committing negligent acts which resulted in bodily injury to Abraham Cano, or 2) using excessive force in discipline which resulted in bodily injury to Abraham Cano when Abraham was injured in a soccer game during his physical education class. Abraham Cano has

*osteogenesis imperfecta* a congenital bone disease.  Abraham was in the sixth grade when this accident occurred, a year during which physical education is a required course.  The injury occurred in November, months after Abraham had been participating, on occasion, in the various sports activities of the class.

Defendant Guerrero is entitled to dismissal of all claims asserted against him as a matter of law because he has failed to articulate a claim for which relief may be granted, to wit:

(1)    Plaintiff has failed to properly identify a liberty interest under the facts of this case which would be protected by the Fourteenth Amendment to the United States Constitution.

(2)    If Plaintiff is asserting Defendant Guerrero was disciplining Abraham Cano, there is no liberty interest under the Fourteenth Amendment.

(3)    Defendant Guerrero is entitled to qualified immunity, official immunity, and immunity under Texas Education Code § 22.051.

(4)    Plaintiff's claims under Texas state law under Chapter 22 of the Texas Education Code cannot be maintained because Plaintiff has failed to exhaust her administrative remedies.

## II.

## LEGAL ARGUMENT

### A.    Standard for dismissal under Rule 12(b)(6)

Plaintiff has failed to state a claim for which relief can be granted.  Accordingly, his lawsuit is ripe for dismissal under Federal Rule of Civil Procedure 12(b)(6).  Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint should be dismissed for failure to state a claim if the face of the Plaintiff's pleadings show, beyond doubt, that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Garrett v. Commonwealth Mtg. Co.,* 938 F.2d

591, 594 (5th Cir. 1991). Under this standard, a court may dismiss a complaint if the plaintiff cannot possibly prevail on his claims. *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1973). Although the Rule 12(b)(6) standard is stringent, "the mere fact that a standard is stringent does not suggest that it can never be met." *Mahone v. Addicks Utility Dist. of Harris County,* 836 F.2d 921, 927 (5th Cir. 1988).

**B.    Plaintiff's claims under 42 U.S.C. § 1983 should be dismissed.**

**A.    Plaintiff has not properly identified a liberty interest under the Fourteenth Amendment.**

The Plaintiff has not alleged a violation of the Fourteenth Amendment to the United States Constitution. To state a cause of action under 42 U.S.C. § 1983 for violation of the Due Process Clause, a plaintiff "must show that they have asserted a recognized 'liberty or property' interest within the purview of the Fourteenth Amendment, and that they were intentionally or recklessly deprived of that interest, even temporarily, under color of state law." *Griffith v. Johnston*, 899 F.2d 1427, 1435 (5th Cir.1990), *cert. denied*, 498 U.S. 1040, 111 S.Ct. 712, 112 L.Ed.2d 701 (1991). Plaintiff cannot meet this burden.

Plaintiff claims that she and her son, Abraham Cano, suffered physical, emotional, and monetary injuries due to the actions of Defendant Guerrero. In paragraph 10 of her First Amended Original Complaint, she points to the "right to bodily integrity" as the recognized liberty interest of which Defendant Guerrero deprived Abraham Cano. The Fifth Circuit has held that a student has a liberty interest in maintaining bodily integrity, but only under certain factual circumstances. *Doe v. Taylor*, 15 F.3d 443 (5th Cir.1994) (en banc), *cert. denied*, 513 U.S. 815, 115 S.Ct. 70, 130 L.Ed.2d 25 (1994). However, when one examines the Plaintiff's factual contentions, it is clear they resemble

tort claims for negligence. In fact, Plaintiff even states in paragraph 1 of their First Amended Original Complaint that Defendants "committed negligence resulting in bodily injury to Plaintiff's minor son." Section 1983 imposes liability for deprivations of constitutionally protected rights, not for violations of tort duties of care. *Daniels v. Williams*, 474 U.S. 327, 332-33, 106 S.Ct. 662, 663, 88 L.Ed.2d 662 (1986).

The Plaintiff's factual contentions resemble tort claims for negligence, and thus do not implicate the right to maintain bodily integrity she complains of. The Fifth Circuit has had several opportunities to determine when a student has a liberty interest in maintaining bodily integrity. *Moore v. Willis Independent Sch. Dist.*, 233 F.3d 871 (5th Cir. 2000)(student being subjected to exercise as punishment *did not* implicate the student's liberty interest in maintaining bodily integrity); *Doe v. Taylor*, 15 F.3d 443 (5th Cir.1994) (en banc), *cert. denied*, 513 U.S. 815, 115 S.Ct. 70, 130 L.Ed.2d 25 (1994)(child being sexually molested by a teacher implicated the child's liberty interest in maintaining bodily integrity); *Jefferson v. Ysleta Indep. Sch. Dist.*, 817 F.2d 303 (5th Cir.1987)(student being lashed to chair implicated the student's liberty interest in maintaining bodily integrity); *Morris v. Dearborne*, 181 F.3d 657 (5th Cir. 1999)(sitting on teacher's lap and typing did not implicate student's liberty interest in maintaining bodily integrity).

Plaintiff contends: 1) Defendant Guerrero knew of Abraham Cano's condition, and 2) Defendant Guerrero either forced Abraham Cano to participate in physical education class, or failed to prevent Abraham Cano from participating in physical education class. Obviously, such conduct does not rise to the level where the constitutional right to bodily integrity is implicated, as evidenced by the precedent outlined above. If it did, then every single student in the state of Texas would have a Fourteenth Amendment claim for an injury, however minor, suffered in their physical education,

as it is a required course. What Plaintiffs are really asserting, is that Abraham Cano had a liberty interest in *not participating* in physical education class, or in *being restrained from participating* in physical education class. There is no such interest recognized by the Fourteenth Amendment.

    (2)    **If Defendant Guerrero was imposing punishment, Plaintiff cannot prevail.**

        (a)    **Procedural Due Process**

Plaintiffs have not stated a violation of procedural due process rights. To the extent Plaintiffs contend that Abraham Cano was subjected to punishment in the form of exercise, the Supreme Court has held that subjecting students to corporal punishment without prior notice and a hearing did not violate procedural due process. *Ingraham v. Wright*, 430 U.S. 651, 97 S.Ct. 1401, 51 L.Ed. 711 (1977). The *Ingraham* Court found that traditional common-law remedies were fully adequate to afford due process to children complaining of excessive corporal punishment. *Id.* at 672. The Court looked at the Florida statute, which provided for criminal penalties as well as civil suits, and decided that it not only maintained the child's common-law right to be free from excessive corporal punishment, it even strengthened it. *Id.* at 676.

Texas law also provides for civil suits should a school teacher administer excessive corporal punishment to a student. TEX. EDUC. CODE ANN. § 22.051 (Vernon 2001). Texas law also provides for possible criminal liability when excessive force is used in administering corporal punishment. TEX. PENAL CODE ANN. §9.62 (Vernon 2001). The Fifth Circuit has found that Texas provides adequate traditional common-law remedies for students who have been subjected to excessive disciplinary force. *Cunningham v. Beavers*, 858 f.2d 269, 272 (5th Cir. 1988), *cert. denied*, 489 U.S. 1067, 109 S.Ct. 1343, 103 L.Ed.2d 812 (1989). Texas law not only maintains the child's common-law right to be free from excessive corporal punishment, it strengthens it, just as Florida law does.

Thus, under *Ingraham*, Plaintiffs cannot proceed with their Fourteenth Amendment procedural due process claim, and it should be dismissed.

### (b)    Substantive Due Process

Plaintiffs have not stated a claim for violation of substantive due process rights secured by the Fourteenth Amendment. The Fifth Circuit has "consistently held that, as long as the state provides an adequate remedy, a public school student cannot state a claim for denial of substantive due process through excessive corporal punishment, whether it be against the school system, administrators, or the employee who is alleged to have inflicted the damage." *Moore* 233 F.3d at 874; *Fee v. Herndon*, 900 F.2d 804 (5th Cir. 1990), *cert. denied*, 498 U.S. 908, 111 S.Ct. 279, 112 L.Ed.2d 233 (1990). This is due to the fact that educators in states that proscribe student mistreatment and provide a remedy do not act arbitrarily, which is a necessary predicate for substantive due process relief. *Moore*, 233 F.3d at 875. On facts somewhat similar to the ones at bar, the *Moore* court held that Texas does have state law remedies for the types of violations that Plaintiff alleges. *Id.* at 876. Thus, to the extent they allege Defendant Guerrero was punishing Abraham Cano, Plaintiff has not properly alleged a violation of substantive due process rights under the Fourteenth amendment. Not every tort or trespass committed by a state official or government is a violation of constitutional rights. *Voorhies v. Conroe Independent School Dist.*, 610 F.Supp. 868 (D.C.Tex.1985.)

Therefore, even as a disciplinary measure, Plaintiff cannot maintain a claim for the violation of a substantive due process right and this case should be dismissed.

### (3)    Defendant Guerrero is entitled to qualified immunity, official immunity, and immunity under Texas Education Code § 22.051.

Defendant Guerrero is entitled to qualified immunity under Federal Law, it's State counterpart, official immunity, and immunity under Texas Education Code § 22.051. Qualified immunity protects government officials who perform discretionary functions from liability "unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." *Gibson v. Rich*, 44 F.3d 274, 276 (5th Cir. 1995). "Government officials performing discretionary functions have qualified immunity from liability for actions that do not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 3 L.Ed.2d 396, 410 (1982). "A necessary concomitant to the determination of whether the constitutional right asserted by a plaintiff is 'clearly established' at the time the defendant acted is the determination of whether the plaintiff has asserted a violation of a constitutional right at all." *Siegert v. Gilley,* 500 U.S. 226, 231, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991). Courts have interpreted *Siegert* to require first an examination of whether the plaintiff has stated a constitutional violation before reaching the issue of qualified immunity. *White v. Taylor,* 959 F.2d 539, 545 (5th Cir.1992); *see Johnston v. City of Houston,* 14 F.3d 1056, 1060 (5th Cir.1994) (finding summary judgment proper on qualified immunity grounds when no constitutional infringement established); *Quives v. Campbell,* 934 F.2d 668, 670 (5th Cir.1991) (affirming grant of summary judgment in favor of defendant for failure to state claim of any constitutional violation). If no constitutional right is found, it is unnecessary to engage in a qualified immunity analysis.

The qualified immunity analysis is a two-step process. First, a court must determine whether the Plaintiff has alleged the violation of a constitutional right. *Hale v. Townley*, 45 F.3d 914, 917 (5th Cir. 1995). Second, if the Plaintiff has alleged a constitutional violation, the court must decide if the

conduct was objectively reasonable in light of clearly established law at the time that the challenged conduct occurred. *Id* at 917. "The touchstone of this inquiry is whether a reasonable person would have believed that his conduct conformed to the constitutional standard in light of the information available to him and the clearly established law." *Goodson v. Corpus Christi*, 202 F.3d 730, 736 (5th Cir. 2000).

Plaintiff has not properly identified a liberty or property interest under the Fourteenth Amendment. The facts of this case do not support the allegation of a violation of a constitutional right. However, even if Plaintiff had so articulated, she could not prevail because Defendant Guerrero's conduct was objectively reasonable in light of clearly established law at the time that the challenged conduct occurred. There is no case or discussion in any related case which holds that a teacher must prevent a student who is properly registered in a class, presumably with his parents knowledge, because the child suffers from a congenital defect, especially in light of prior participation. Thus, there is no way Plaintiff can show that there was a clearly established right of which Defendant Guerrero should have known at the time he had a student properly registered in his class with no restrictions articulated by the parents or doctor.

Plaintiff has not shown that Abraham Cano had a clearly established constitutional right to **not** participate in a physical education for which he registered and did nothing to try to get excused from. Likewise, Plaintiff has not shown that Defendant Guerrero was required to **restrain** Abraham him from participating in a course for which he was registered. In paragraph 10 of their First Amended Original Complaint, Plaintiffs state "By assigning and requiring Abraham to participate in physical education activities, Defendant Guerrero directly deprived Plaintiff of his right to bodily integrity..." Such a position is ridiculous, as the clearly established law says that physical education

is a required course for that school year. Thus, Abraham had an obligation **to** participate in physical education, baring some legal excuse, such as a doctor's excuse. Further, Defendant Guerrero is a physical education teacher. His job is to "assign and require students to participate in physical education."

The facts, as alleged by Plaintiff, show Defendant Guerrero was at all times acting in good faith, in a reasonable manner, and within the discretionary authority of his office. Plaintiff has alleged no facts that would overcome Defendant's qualified immunity. The Fifth Circuit has made clear that broad or conclusory allegations made against an individual defendant are not sufficient to overcome qualified immunity. Rather, a plaintiff must set forth with factual detail and particularity the basis for the claim which necessarily includes why the defendant official, cannot successfully maintain the defense of immunity. *Wicks v. Mississippi State Employment Services*, 41 F.3d 991, 996 (5th Cir. 1995). If the plaintiff is unable to meet these pleading requirements, the complaint should be dismissed immediately, as to do otherwise would abrogate the qualified immunity defense itself. *Wicks* at 996.

**Texas Education Code § 22.051.** Defendant Guerrero has been sued in his individual capacity. He has been sued for sending Abraham Cano into a soccer game. He is entitled to immunity if he can conclusively prove as a matter of law that: (1) he is a professional employee; (2) his actions were incident to or within the scope of his duties; (3) his duties involved the exercise of judgment or discretion; and (4) he did not use excessive force or negligence in disciplining a student. §22.051 Texas Education Code.

The Texas Education Code provides:

(a) A professional employee of a school district is not personally liable for any act that is incident to or within the scope of the duties of the employee's position of

employment and that involves the exercise of judgment or discretion on the part of the employee, except in circumstances in which a professional employee uses excessive force in the discipline of students or negligence resulting in bodily injury to students."

§22.051 Texas Education Code.

The immunity provided by the TEA is very broad. It applies to intentional torts, negligence claims, and theoretically constitutional claims[1], as the statute does not limit the extent of the immunity. *Test Masters Educational Services, Inc. v. Houston Independent School Dist.,* 2003 WL 21911120, (Tex.App.-Houston [14 Dist.] 2003) (breach of contract, negligent misrepresentation and conversion.); *Kobza v. Kutac,* 109 S.W.3d 89 (Tex.App.-Austin 2003) (negligent and intentional infliction of emotional distress, defamation, negligence.); *Davis v. Education Service Center,* 62 S.W.3d 890 (Tex.App.-Texarkana 2001) (intentional infliction of emotional distress); *Deaver v. Bridges,* 47 S.W.3d 549 (Tex.App.-San Antonio 2000) (defamation); *Chesshir v. Sharp,* 19 S.W.3d 502 (Tex.App.-Amarillo 2000) (negligence); *Enriquez v. Khouri,* 13 S.W.3d 458 (Tex.App.-El Paso 2000) (defamation); *Williams v. Chatman,*17 S.W.3d 694 (Tex.App.-Amarillo 1999) (negligence).

There is no dispute that Mr. Guerrero is a professional employee as a teacher of San Benito Consolidated Independent School District. There is also no dispute that Plaintiff's allegations fall within the scope of a physical education teacher's duties, and involve discretion in sending a student into a game. There should also be no dispute that the decision did not involve **"excessive"** force even under Plaintiff's articulation of the facts. It is inconceivable that an order to participate in an ongoing game (though such fact is disputed) could be interpreted as excessive force, if it can be interpreted as "force" at all. As such, Defendant Guerrero is entitled to immunity under the Texas Education Code.

---

[1]However, this argument is not being pursued in this motion.

01-220 CANO:  MTD2
PAGE 10

**C.**    **Plaintiff's state law claims should be dismissed because he failed to exhaust his administrative remedies.**

As part of this lawsuit, Plaintiff brings causes of action under Texas Education Code § 22.001 *et. seq.* These claims cannot be maintained because Plaintiff has failed to exhaust her administrative remedies as required by Texas law. Texas law requires a party whose claim concerns the administration of school laws and involves disputed fact issues to exhaust administrative remedies with the Texas Commissioner of Education before filing suit. *Texas Educ. Agency v. Cypress-Fairbanks Indep. Sch. Dist.*, 830 S.W.2d 88, 90 (Tex. 1992); *Godley Indep. Sch. Dist. v. Woods*, 21 S.W.3d 656, 659 (Tex.App.–Waco 2000). The Texas Education Code provides that a party may appeal all the way to the Texas Commissioner of Education if aggrieved by "the school laws of this state." TEX. EDUC. CODE ANN. § 7.057(a)(1) (Vernon 2001). "The school laws of this state" means Title 1 and Title 2 of the Texas Education Code as well as rules adopted under those titles. TEX. EDUC. CODE ANN. § 7.057(f)(2) (Vernon 2001).

Plaintiff's First Amended Original Complaint makes it clear that she is attempting to bring causes of action pursuant to Chapter 22 of the Texas Education Code. All sections of Chapter 22 are found in Title 2 of the Texas Education Code. TEX. EDUC. CODE ANN. § 22.001 *et. seq.* (Vernon 2001). As such, they are part of the "school laws of this state" and therefore, Plaintiff is required to exhaust administrative remedies prior to bringing suit. Plaintiff has not only failed to exhaust administrative remedies, she does not even allege to have begun pursuing them. Thus, Plaintiff's state law claims should be dismissed.

IV.

**CONCLUSION**

Plaintiff has not properly identified a constitutional interest protected by the Fourteenth Amendment. She claims Abraham Cano's right to bodily integrity is at issue, but has not produced a law or case that would support such a claim under the facts of this case. The facts, as alleged, are based on negligence, not constitutional violations. Plaintiff claims that Defendants had a duty and breached such duty. That is negligence, which is even supported by Plaintiff's own articulation that Defendants committed negligence. Thus, the Fourteenth Amendment has not been implicated and thus Plaintiffs' claims under 42 U.S.C. § 1983 should be dismissed.

*Assuming arguendo,* that Defendant Guerrero was disciplining Abraham Cano, as Plaintiff alleges, the § 1983 claims still fail. The Supreme Court has held that subjecting students to corporal punishment without prior notice and a hearing did not violate procedural due process. *Ingraham v. Wright*, 430 U.S. 651, 97 S. Ct. 1401, 51 L. Ed. 711 (1977). Further, the Fifth Circuit has "consistently held that, as long as the state provides an adequate remedy, a public school student cannot state a claim for denial of substantive due process through excessive corporal punishment, whether it be against the school system, administrators, or the employee who is alleged to have inflicted the damage." Moore 233 F.3d at 874. As such, to the extent Plaintiff claims that Abraham Cano was being disciplined, her claims under 42 U.S.C. § 1983 should be dismissed.

Defendant Guerrero is entitled to qualified immunity under Federal Law, it's State counterpart, official immunity, and immunity under Texas Education Code § 22.051. Plaintiff has alleged no facts which would show that Defendant Guerrero's actions were not objectively reasonable in light of clearly established law at the time the complained of conduct occurred.

Finally, Texas law requires a party whose claim concerns the administration of school laws and involves disputed fact issues to exhaust administrative remedies with the Texas Commissioner of Education before filing suit. *Texas Educ. Agency v. Cypress-Fairbanks Indep. Sch. Dist.*, 830 S.W.2d 88, 90 (Tex. 1992). Plaintiff has not done so, and thus her state law claims should be dismissed.

WHEREFORE, PREMISES CONSIDERED, Defendant Guerrero prays that upon hearing, this Rule 12(b)(6) Motion to Dismiss be granted in its entirety, Plaintiff take nothing by her suit, that this Defendant recover all costs incurred herein, and that this Defendant have such other and further relief, at law or in equity, to which he may show himself to be justly entitled.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By: _____
    Eileen M. Leeds
    State Bar No. 00791093
    Federal I.D. No. 16799

**ATTORNEY FOR DEFENDANT**
**PETER GUERRERO**

## CERTIFICATE OF SERVICE

I hereby certify that on this the 25th day of September, 2003, a true and correct copy of the above and foregoing instrument has been forwarded to all counsel of record as noted hereunder.

**VIA CM/RRR # 7002 2030 0007 0887 7838**
Mr. J. Arnold Aguilar
Law Offices of J. Arnold Aguilar
Artemis Square, Ste. H-2
1200 Central Blvd.
Brownsville, Texas 78520

**VIA REGULAR MAIL**
Mr. Jim Byrom
Ewbank & Byrom
221 West Sixth Street, Suite 900
P.O. Box 2430
Austin, Texas 78701

Eileen M. Leeds