Case 1:01-cv-00156　Document 51　Filed in TXSD on 10/29/2003　Page 1 of 6

51

United States District Court
Southern District of Texas
FILED

OCT 29 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ADELA CANO, individually and on behalf of her minor son, ABRAHAM CANO | § § § | |
| VS. | § § | CIVIL ACTION NO. <u>B-01-156</u> (JURY REQUESTED) |
| SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT HERIBERTO VILLARREAL, AND PETER GUERRERO | § § § § | |

### DEFENDANT SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT (hereinafter referred to as "Defendant SBCISD"), while still urging the arguments and authorities in its Motion to Dismiss, file this its Reply to Plaintiff's Response, received on October 15, 2003, and would show the Court the following:

1. **No "Policy or Practice"**

As stated in Defendant SBCISD's Motion to Dismiss, the Supreme Court has described an official *policy* as a "deliberate choice to follow a particular course of action . . . made from among various alternatives by officials who have the authority to establish governmental policy." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986). A *custom*, on the other hand, is a pattern of "persistent and widespread" practice of governmental officials, which are not necessarily approved through formal decision-making channels, but which become so "permanent and well settled" as to have the force and effect of law. *Monell*, 436 U.S. at 691.

In Plaintiff's initial paragraph, entitled Summary of Argument, Plaintiff's counsel asserts that "no one took action to protect him, and instead, they actually compelled him to participate in a physical contact sport (soccer) that lead to his injuries." This allegation has nothing to do with policy or practice. Apparently, Plaintiff is asserting either that Defendant SBCISD is strictly liable for the acts of its employees, or a negligence allegation will suffice. While Defendant SBCISD denies Plaintiff's allegations that Abraham Cano (hereinafter referred to as minor-Plaintiff) was compelled to play in a soccer game by employees of Defendant SBCISD, even if such did occur, there is no *respondeat superior* under the facts of this case. In order to even properly allege a cause of action against SBCISD, Plaintiff must show a policy or practice of a policy maker of SBCISD which was the moving force behind the minor-Plaintiff's alleged constitutional injuries. Plaintiff asserts that "the District is responsible for injuries because its supervisory personnel took no action whatsoever to protect Abraham and to prevent the injuries to him." Again, Plaintiff is asserting strict liability or negligence against Defendant SBCISD for allegations of inaction, which are denied by its employees.

Certainly, the District does not have a policy or practice of failing to train its employees, nor does it have a policy or practice of forcing all students to participate in physical education in all circumstances. Requesting a physician's order to exempt a student from physical education does not violate that student's constitutional rights, nor does it amount to deliberate indifference.

2.  **Actions Taken by SBCISD**

Further, as the evidence clearly shows, employees of Defendant SBCISD did take action to attempt to protect Abraham Cano, including, but not limited to, requesting that Mrs. Cano provide a doctor's excuse, indicating to coach Guerrero that he be careful with Abraham Cano, and allowing

Abraham Cano to sit out of activities he could not adequately perform. Further, Coach Guerrero asked each student to fill out a form indicating any difficulties they might have with physical education, and this form was returned with the only indication being "asthma." While Plaintiff may argue that such actions, for one reason or another, were ineffectual, they clearly were attempts by Defendant SBCISD to care for Abraham Cano. Such acts negate any claim of deliberate indifference. Further, the evidence is that Defendant SBCISD, through its employees, on more than one occasion, asked Plaintiff Adela Cano to obtain information from her son's physician, Dr. Vargas, regarding feasibility to participate in physical education. Defendant SBCISD did not leave it up to Abraham only, but asked for input from his mother, his physician, and Abraham. As has been previously shown, on many occasions, Abraham chose not to participate in physical education, even though he claims that he felt unable to "question Coach Guerrero's authority."

Further, Plaintiff, in order to attempt to further her claim, takes the position that Abraham Cano cannot participate in any physical education whatsoever. However, persons with osteogenisis imperfecta have a wide range of capabilities. Dr. Keillor has encouraged Abraham Cano to lift weights, and testified that it would be appropriate for Abraham Cano to jog and/or ride a bicycle, with the limitation that he would rather these be done on a treadmill and a stationery bike, respectively.

### 3. Failure to Supervise

Plaintiff quotes from *Doe v. Taylor*, 15 F.3d 443 (5th Cir. 1994)(en banc), *cert. denied*, 513 U.S. 815, 115 S.Ct 79, to support an allegation that failure to supervise manifests deliberate indifference. However, a review of the facts of that case make it clearly distinguishable from the case at bar. In *Doe*, it is alleged that a teacher was having a sexual relationship with a student and

that one of his supervisors was aware of it and did nothing to stop it. Such allegations are clearly distinguishable from a situation where the school district, through its employees, made the attempts described above on behalf of one of its students, which clearly negates a finding of deliberate indifference.

Plaintiff's counsel then asserts that because Defendant SBCISD failed to protect minor-Plaintiff from injury (allegations of negligence), this established deliberate indifference. However, as stated above, this ignores the attempts made by Defendant SBCISD on Abraham Cano's behalf. Plaintiff's counsel cites *Roventini v. Pasadena*, 981 F. Supp. 1013 (U.S.D.C.- Southern District, Houston Division, 1997) in which it was alleged that a student was run to death and was denied water, rest and medical attention. Clearly, even if Plaintiff's allegations are accepted, a coach telling a student to "get in the game" is not analogous to running him to death. Plaintiff also ignores the fact that although soccer can be a contact sport, his client was not injured by contact, but in running, which is an exercise that is recommended by minor-Plaintiff's doctor.

### 4. Excessive Punishment

Plaintiff's counsel then asserts that there is no claim in this case for excessive punishment. However, a review of Plaintiff's pleadings indicates that it was Plaintiff who alleged excessive punishment in this case, and therefore, Defendant SBCISD's Motion to Dismiss addressed this issue. Plaintiff then chastises Defendant SBCISD for discussing the issue. If there is no claim for excessive discipline, then an order should be entered dismissing any such claim by Plaintiff.

### 5. Constitutional Right Not to Participate in Physical Education

Plaintiff's counsel asserts that his pleading is not alleging a constitutional right not to participate in physical education. However, as is clear, it is the allegation that the minor-Plaintiff

was made to participate in physical education that is the central theme of this case. However, minor-Plaintiff can participate in some physical education activities. This would include non-contact sports, as well as some running (jogging), weight lifting, and bicycling. Dr. Keilor did testify that he would rather the minor-Plaintiff jog on a treadmill and ride a stationery bicycle because of the potential the he could fall and such a fall could result in injury. However, this would not keep the minor-Plaintiff out of physical education altogether.

Plaintiff alleges that: "requiring Abraham to participate in physical education activities, however, where the physical education requirement could of instead been met by sending Abraham to the library, because of his particular condition, was tantamount to providing him with a sharp knife or a loaded gun and asking him to make his own decision on whether it was safe enough for him to play with those items." As stated above, Defendant SBCISD asked that minor-Plaintiff's doctor make those decisions. In fact, Dr. Kelior suggests physical activities for the minor-Plaintiff, as noted above.

In summary, it is Plaintiff who is attempting to mislead or misinterpret the law in this matter. Plaintiff is attempting to take acts which may or may not be negligent (if they occurred at all) and "stack" them in an effort to make an allegation of deliberate indifference. However, in doing so, Plaintiff ignores attempts to obtain the doctor's excuse and other steps taken by Defendant SBCISD which clearly negate deliberate indifference.

WHEREFORE, PREMISES CONSIDERED, Defendant SBCISD prays that upon hearing, its Motion to Dismiss shall be granted, Plaintiff take nothing by her suit, that this Defendant recover all costs incurred herein, and that this Defendant have such other and further relief, at law or in equity, to which it may show itself to be justly entitled.

Respectfully submitted,

EWBANK & BYROM, P.C.
221 West 6th Street, Suite 900
Austin, Texas 78701
Telephone: (512) 476-1080
Facsimile: (512) 476-7770

By: _____
JAMES E. BYROM
State Bar No. 03568100
Federal No. 6874
**ATTORNEYS FOR DEFENDANT
SAN BENITO C.I.S.D.**

## CERTIFICATE OF SERVICE

I hereby certify by my signature below that a true and correct copy of the above and foregoing document has been served on the following attorneys of record via Federal Express, on this the 28th day of October, 2003.

*Via Federal Express - 8369 7191 6953*
Law Office of J. Arnold Aguilar
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, Texas 78520

*Via Federal Express - 8369 7191 6942*
Ms. Eileen M. Leeds
Willette & Guerra, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Boulevard
Brownsville, Texas 78521

_____
JAMES E. BYROM