Case 1:01-cv-00156   Document 52   Filed in TXSD on 10/29/2003   Page 1 of 7

United States District Court
Southern District of Texas
FILED

OCT 29 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ADELA CANO, individually and on behalf of her minor son, ABRAHAM CANO | § § § | |
| VS. | § § | CIVIL ACTION NO. <u>B-01-156</u> (JURY REQUESTED) |
| SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT HERIBERTO VILLARREAL, AND PETER GUERRERO | § § § § | |

**DEFENDANT HERIBERTO VILLARREAL'S REPLY TO
PLAINTIFF'S RESPONSE TO
MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Heriberto Villarreal (hereinafter referred to as "Defendant Villarreal"), while still urging the arguments and authorities in his Motion to Dismiss and Motion for Summary Judgment, files this Reply to Plaintiffs' Response, which was received by Defense counsel on October 15, 2003, and would show the Court the following:

**I.**

**QUALIFIED IMMUNITY**

It is undisputed that Defendant Villarreal was acting within the course and scope of his employment during the incidences made the basis of this suit. It is further undisputed that he had no involvement with Abraham Cano (hereinafter referred to as "minor-Plaintiff") as it relates to the specific incident alleged in Plaintiff Adela Cano's petition. Defendant Villarreal did not instruct minor-Plaintiff to play contact sports, to "get in the game," or have any other discussion with minor-Plaintiff on the day of the incident in question.

It is also undisputed that Defendant Villarreal requested, on numerous occasions, that Plaintiff obtain information from minor-Plaintiff's doctor regarding his ability to participate in physical education. Dr. Vargas, one of Minor-Plaintiff's physicians, stated that Plaintiff never asked him for such a note, but if he had been asked, he would have given her one. *(Motion for Summary Judgment, Exhibit C, page 46, line 5-9).*

Defendant Villarreal, in good faith, believed that the minor-Plaintiff was required to participate in physical education classes unless he was exempt by doctor's order, which he made clear to Plaintiff Adela Cano. Defendant Villarreal did not participate in any decision as to the extent of participation by minor-Plaintiff in physical education.

Defendant Villarreal acted in good faith in requesting information from minor-Plaintiff's physician. At no time did he manifest deliberate indifference. To the contrary, Defendant Villarreal's request for such information negates deliberate indifference.

## II.

### PLAINTIFF'S RESPONSE

**1.    Plaintiffs' Allegations**

In her response, Plaintiff Adela Cano states that the "only claims filed against Defendant Villarreal were for violations of Plaintiff's rights to life, liberty, health, safety, bodily integrity and to a safe environment in a mandatory school setting...." Plaintiff alleges that Defendant Villarreal is liable because "he was aware of Abraham's condition, he was deliberately indifferent to minor-Plaintiff's welfare, and the law was clearly established at the time that school children such as minor-Plaintiff had a liberty interest in their bodily integrity." Plaintiff's theory of liability comes from the

case of *Doe v. Taylor,* 15 F.3d 443 (5th Cir. 1994)(en banc), *cert. denied,* 513 U.S. 815, 115 S.Ct 79, 130 L.Ed.2d 25 (1994). In order to prevail, Plaintiff must show that the defendant:

(1) learned of facts or a pattern of inappropriate behavior by a subordinate pointing plainly toward the conclusion that the subordinate was abusing the student; and

(2) demonstrated deliberate indifference toward the constitutional rights of the student by failing to take action that was obviously necessary to prevent or stop the abuse; and

(3) such failure caused a constitutional injury to the student.

*Doe,* at 454.

### 2. Awareness of the Condition

While it is clear that Defendant Villarreal was aware that Plaintiff Adela Cano asserted that her son had *osteogenesis imperfecta*, it is also clear that Defendant Villarreal is not a physician and is not trained in medical issues. Therefore, it is reasonable that he would ask for information from minor-Plaintiff's treating physician regarding his capabilities and limitations. Minor-Plaintiff's condition does not preclude all safe participation in physical education, but only contact sports. Plaintiff was not injured by contact in physical education class, but because he fell when he ran. Further, the "awareness" in *Doe* was of a pattern of the sexual abuse of a student by a school district employee. It was not awareness of a physical condition of a student. There is no proof of a pattern of abuse of Plaintiff by any employee of the Defendant SBCISD, nor does such a pattern exist. The awareness by Defendant Villarreal of a medical condition of a student does not give rise to constitutional deprivation.

### 3. Deliberate Indifference

Deliberate indifference is defined as a "lesser form of intent" rather than a "heightened degree of negligence." *Doe,* 15 F.3d at 453 n. 7. In other words, mere negligence, even if such exists, will not give rise to liability on the part of Defendant in this matter. Defendant Villarreal did take action to attempt to protect Minor-Plaintiff, including, but not limited to, requesting that Plaintiff Adela Cano obtain a doctor's excuse. Plaintiff was told that if she wanted her son out of physical education, she should get a form from the doctor. *(Exhibit E, page 74, line 15-16).* Plaintiff Adela Cano told him she would get it. *(Exhibit E, page 75, line 8-13).* While Plaintiff may argue that such actions of Villarreal, for one reason or another, were ineffectual, they clearly were attempts by to care for Plaintiff, Abraham Cano. Such acts negate any claim of deliberate indifference.

Dr. Keillor testified that Abraham Cano could lift weights, run on a treadmill, or ride a stationary bicycle. *(Exhibit D, page 25, line 1-6; page 58, line 11-19; page 46, line 5-17).* It is not the activity but the potential that Abraham Cano might fall that is the issue. *(Exhibit D, page 46, line 13-16; page 58, line 1-18).* Dr. Keillor testified that Abraham Cano could participate in some physical education activities. *(Exhibit D, page 54, line 14-page 55, line 9).* Dr. Vargas testified that "PE is just a broad term for sometimes contact sport" and that there may be things he's (Abraham Cano) able to do without much danger. *(Exhibit C, page 49, line 18-page 50, line 1).* It would not be appropriate to leave the decisions regarding Abraham Cano to Mr. Villarreal alone. Therefore, his actions, taken alone, should not form the basis of a constitutional claim of deprivation of bodily integrity. Plaintiffs' allegations of deliberate indifference in this matter fail, and this claim should be dismissed.

### 4. Constitutional Injury

Every injury on school property is not a "constitutional injury". If such were the case, every injury suffered at school would give rise to a cause of action against school districts and their employees. Requesting the minor-Plaintiff's mother to obtain a physician's excuse to exempt a student from Physical Education classes does not give rise to a constitutional deprivation.

### 5. Clearly Established

Although Plaintiff has the burden of doing so, Plaintiff has wholly failed to show that the right of Minor-Plaintiff to be exempt from physical education, without a physician's excuse, was clearly established at the time of the incident in question, nor have they shown that any constitutional right to bodily integrity existed under the facts of this case. While in some circumstances, such as in the *Doe* case, rights to bodily integrity are clearly established, there are other allegations of right to bodily integrity that are not clearly established. *See Willis v. Moore*, 233 F.3d 871 (5th Cir. 2000).

### 6. State Law Claims

Under Texas law, Defendant Villarreal is immune from negligence claims except in cases of limited waiver under the Texas Tort Claims Act or the Education Code. Plaintiff has not alleged waiver under the Texas Tort Claims Act. "Excessive force exception to immunity of professional school employees from personal liability for acts performed within the scope of employment which involve the exercise of judgment or discretion exists *only where school officials engage in disciplining the student* (emphasis added). *Spacek v. Charles,* 928 S.W. 2d 88 (Tex. App.-Houston [14th Dist.] 1996, rehearing overruled, writ dismissed w.o.j.). Plaintiff asserts that once Defendant Villarreal knew of the condition, he no longer had any discretion to allow minor-Plaintiff to

to participate in rough, contact sports. This allegation is without merit. The actions of Defendant Villarreal involved the exercise of judgment and discretion. This is merely an attempt to make a negligence claim where immunity exists.

WHEREFORE, PREMISES CONSIDERED, Defendant Villarreal prays that upon hearing, its Motion to Dismiss shall be granted, Plaintiff take nothing by her suit, that Defendant Villarreal recover all costs incurred herein, and that this Defendant have such other and further relief, at law or in equity, to which it may show itself to be justly entitled.

Respectfully submitted,

EWBANK & BYROM, P.C.
221 West 6th Street, Suite 900
Austin, Texas 78701
Telephone: (512) 476-1080
Facsimile: (512) 476-7770

By: _____
JAMES E. BYROM
State Bar No. 03568100
Federal No. 6874
**ATTORNEYS FOR DEFENDANT
HERIBERTO VILLARREAL**

## CERTIFICATE OF SERVICE

      I hereby certify by my signature below that a true and correct copy of the above and foregoing document has been served on the following attorneys of record via Federal Express on this the 28th day of October, 2003.

*Via Federal Express - 8369 7191 6953*
Law Office of J. Arnold Aguilar
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, Texas 78520

*Via Federal Express - 8369 7191 6942*
Ms. Eileen M. Leeds
Willette & Guerra, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Boulevard
Brownsville, Texas 78521

                                          _____
                                          JAMES E. BYROM