IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 0 3 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| ADELA CANO, Individually and on behalf of her minor son, ABRAHAM CANO §§§ | |
| VS. §§ | CIVIL ACTION NO. B-01-156 (JURY REQUESTED) |
| SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, HERIBERTO VILLARREAL, AND PETER GUERRERO §§§§§ | |

**DEFENDANT PETER GUERRERO'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S RENEWED MOTION TO DISMISS**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW PETER GUERRERO, Defendant in the above-styled and numbered cause, and files this his Reply to Plaintiff's Response to Defendant's Renewed Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and would show the Court the following:

**I.**

**Property/Liberty Interest.** Plaintiff argues that Cano has an interest in his bodily integrity, which is a constitutionally recognized right. Defendant does not argue with that premise. However, this is not a physical sexual abuse case and a constitutional interest in bodily integrity does not exist under every situation where a student is injured in a school setting. Thus, the Plaintiff must show that the facts which form the basis of this case, fall within the scope of that right.

Plaintiff states "by assigning and requiring Abraham to participate in physical education activities after he was aware of Abraham's condition, Defendant Guerrero directly deprived Plaintiff

of his right to bodily integrity...." Expressed in other words, Abraham is alleging he has a constitutional right to not participate in a class for which he registered because he has osteogenesis imperfecta. This could also be stated as no student with osteogenesis imperfecta can be allowed to participate in physical education. This belies Plaintiff's own doctor's recommendations.

Plaintiff throws into his Response that having Abraham participate, however, limited is equivalent to handing him a loaded gun. Such a comment is inflammatory and irresponsible. Especially in light of the fact that this same "child" participated in flag football earlier in the semester. Plaintiff also describes the physical education activity as a dangerous contact sport. There is no dispute in this case that Abraham fell and broke his ankle as he started to run after the ball. No one pushed, tripped or otherwise "contacted" him. Such an accident could have happened going back into class from the field after just watching the others play. Surely watching is not a dangerous activity from which Abraham should be excluded.

Furthermore, Plaintiff argues that Mr. Guerrero could have (done what Mrs. Cano had the duty to do)obtained a doctor's excuse. Mr. Guerrero could not have done any such thing without getting a release from Mrs. Cano. Plaintiff is merely trying to shift the blame for not having done what she needed to do to direct her son's physical activities or excuse him from the class completely. There is certainly no case law which would support such a position. Besides, what Mr. Guerrero could have done is not the question, but rather, is what he did, wrong.

The question to be answered is, if, in fact, he did put Abraham in the game, was that decision a violation of Abraham's constitutional rights and did he know it would be a violations of his rights when he did it. Defendant contends that it was not. Given that Mr. Guerrero had received no special instructions from administration, Abraham's doctor, or anyone on how to handle Abraham, he relied

on his own knowledge and expertise. Abraham was given an option of participating or not. Abraham had obviously participated on several occasions with no untoward effects.[1] There is certainly no case law in the State of Texas which indicates that children with osteogenesis imperfecta should be excluded from physical education, and no cases which have fact patterns even close. Thus, there is no way Mr. Guerreo could have believed his decision (if true) would have violated Abraham's rights.

Plaintiff cannot meet his burden to show that there is a constitutional right involved here, and that Mr. Guerrero knew such was involved and disregarded it when he made the decision to put Abraham in the game. As such, Mr. Guerrero is entitled to summary judgment.

## II.

**Immunity.** Defendant Guerrero is entitled to immunity under Federal and State law. His right to qualified immunity is covered above. Plaintiff has written nothing to counter the Defendant's right to immunity under the Texas Education Code, other than to say Mr. Guerrero's decision was not discretionary. Plaintiff does not explain why deciding to insert one player instead of another is not discretionary, but tries to convince the court that the act was not discretionary because of all the other things Plaintiff claims Mr. Guerrero could have done. Plaintiff also states that after Mr. Guerrero knew about Plaintiff's "delicate condition," he did not have "discretion" to put him in a "rough contact" sport. There is no evidence Abraham's condition was delicate, or that the game being played was a rough contact game. There is no issue that there was no contact that caused this injury. Moreover, Plaintiff's use of the word discretion in that argument is misplaced. Plaintiff is really arguing Mr. Guerrero did not have the "right" to put Abraham in the game. To put

---

[1] Plaintiff throws in the comment about making Abraham run despite the fact he also has asthma. Do asthmatics also have a constitutional right not to participate in physical education?

01-220 CANO: DISMISS-REPLY
PAGE 3

him in, is still a decision requiring judgment, whether right or wrong. It was still a discretionary act. Thus, it is protected by statute.

Although the new statutes do not apply to this case, the undersigned is going to addresss them because they indicate how much the legislature intends to protect professional employees and how they have strengthen the statute at issue here. The Texas State statute has been expanded, though the basic language has remained the same. It includes, however, the Federal immunity statute for school employees, 20 U.S.C. §6731. (Text attached as Exhibit "A") Mr. Guerrero is arguably entitled to immunity under this statute as well. Here, immunity is not dependent on a discretionary act.

Regardless, this Court should be able to clearly see Plaintiff's attempts to obfuscate the truth with inflammatory language and misdirection. The facts as plead by the Plaintiff do not leave themselves to interpretation. The act of a teacher or coach deciding which student or player (some being paid exorbitant amounts of money) is to go into a game requires judgment and reflection. Although professional sports coaches may be limited by the salary some players are paid in having impact on the decision of who goes in, it is still a decision, and as such would fall under the protection of being a discretionary act, if such coaches had such protection. Nonetheless, under these facts, and this case, there should be no question as to Mr. Guerrero's entitlement to immunity.

WHEREFORE, PREMISES CONSIDERED, Defendant Guerrero prays that upon hearing, this Rule 12(b)(6) Motion to Dismiss be granted in its entirety, Plaintiff take nothing by her suit, that this Defendant recover all costs incurred herein, and that this Defendant have such other and further relief, at law or in equity, to which he may show himself to be justly entitled.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By: _____
Eileen M. Leeds
State Bar No. 00791093
Federal I.D. No. 16799

**ATTORNEY FOR DEFENDANT
PETER GUERRERO**

## CERTIFICATE OF SERVICE

I hereby certify that on this the 3rd day of November, 2003, a true and correct copy of the above and foregoing instrument has been forwarded to all counsel of record as noted hereunder.

**VIA CM/RRR # 7001 1140 0001 8376 5392**
Mr. J. Arnold Aguilar
Law Offices of J. Arnold Aguilar
Artemis Square, Ste. H-2
1200 Central Blvd.
Brownsville, Texas 78520

**VIA REGULAR MAIL**
Mr. Jim Byrom
Ewbank & Byrom
221 West Sixth Street, Suite 900
P.O. Box 2430
Austin, Texas 78701

_____
Eileen M. Leeds

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ADELA CANO, Individually and on behalf of her minor son, ABRAHAM CANO § § § | |
| VS. § § | CIVIL ACTION NO. B-01-156 (JURY REQUESTED) |
| SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, HERIBERTO VILLARREAL, AND PETER GUERRERO § § § § | |

**ORDER GRANTING DEFENDANT PETER GUERRERO'S RENEWED MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**

On this the _____ day of _____, 2003, came on for consideration Defendant Peter Guerrero's Renewed Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6). Having examined the same and considered the arguments of counsel, this Court is of the opinion that said Motion should be GRANTED.

IT IS THEREFORE ORDERED that Defendant Peter Guerrero's Renewed Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) is GRANTED. It is further ORDERED that Plaintiff's claims be and are DISMISSED with prejudice.

SIGNED FOR ENTRY this _____ day of _____, 2003

_____
JUDGE PRESIDING

Copies to:

Ms. Eileen M. Leeds, Willette & Guerra, L.L.P., 3505 Boca Chica, Ste. 460, Brownsville, Texas 78521
Mr. J. Arnold Aguilar, 1200 Central Blvd., Ste. H-2, Brownsville, Texas 78520
Mr. Jim Byrom, Ewbank & Byrom, 221 West Sixth Street, Suite 900, Austin, Texas 78701

Search USC, About Database, Download USC, Classification Tables, Codification



Go to 1st query term(s)

-CITE-

    20 USC Sec. 6731                                                                                          01/22/02

-EXPCITE-

    TITLE 20 - EDUCATION

    CHAPTER 70 - STRENGTHENING AND IMPROVEMENT OF ELEMENTARY AND
        SECONDARY SCHOOLS

    SUBCHAPTER II - PREPARING, TRAINING, AND RECRUITING HIGH QUALITY
        TEACHERS AND PRINCIPALS

    Part C - Innovation for Teacher Quality

    subpart 5 - teacher liability protection

-HEAD-

    Sec. 6731. Short title

-STATUTE-

    This subpart may be cited as the ''Paul D. Coverdell Teacher
  Protection Act of 2001''.

-SOURCE-

    (Pub. L. 89-10, title II, Sec. 2361, as added Pub. L. 107-110,
  title II, Sec. 201, Jan. 8, 2002, 115 Stat. 1667.)



Search USC, About Database, Download USC, Classification Tables, Codification



DEFENDANT'S EXHIBIT A

Search USC, About Database, Download USC, Classification Tables, Codification



Go to 1st query term(s)

-CITE-

20 USC Sec. 6732                                                01/22/02

-EXPCITE-

TITLE 20 - EDUCATION

CHAPTER 70 - STRENGTHENING AND IMPROVEMENT OF ELEMENTARY AND
    SECONDARY SCHOOLS

SUBCHAPTER II - PREPARING, TRAINING, AND RECRUITING HIGH QUALITY
    TEACHERS AND PRINCIPALS

Part C - Innovation for Teacher Quality

subpart 5 - teacher liability protection

-HEAD-

Sec. 6732. Purpose

-STATUTE-

   The purpose of this subpart is to provide teachers, principals,
and other school professionals the tools they need to undertake
reasonable actions to maintain order, discipline, and an
appropriate educational environment.

-SOURCE-

   (Pub. L. 89-10, title II, Sec. 2362, as added Pub. L. 107-110,
title II, Sec. 201, Jan. 8, 2002, 115 Stat. 1667.)



Search USC, About Database, Download USC, Classification Tables, Codification


```
-CITE-
    20 USC Sec. 6736                                          01/22/02
-EXPCITE-
    TITLE 20 - EDUCATION
    CHAPTER 70 - STRENGTHENING AND IMPROVEMENT OF ELEMENTARY AND
        SECONDARY SCHOOLS
    SUBCHAPTER II - PREPARING, TRAINING, AND RECRUITING HIGH QUALITY
        TEACHERS AND PRINCIPALS
    Part C - Innovation for Teacher Quality
    subpart 5 - teacher liability protection
-HEAD-
    Sec. 6736. Limitation on liability for teachers
-STATUTE-
    (a) Liability protection for teachers
       Except as provided in subsection (b) of this section, no teacher
    in a school shall be liable for harm caused by an act or omission
    of the teacher on behalf of the school if -
       (1) the teacher was acting within the scope of the teacher's
    employment or responsibilities to a school or governmental
    entity;
       (2) the actions of the teacher were carried out in conformity
    with Federal, State, and local laws (including rules and
    regulations) in furtherance of efforts to control, discipline,
    expel, or suspend a student or maintain order or control in the
    classroom or school;
       (3) if appropriate or required, the teacher was properly
    licensed, certified, or authorized by the appropriate authorities
```

for the activities or practice involved in the State in which the harm occurred, where the activities were or practice was undertaken within the scope of the teacher's responsibilities;

(4) the harm was not caused by willful or criminal misconduct, gross negligence, reckless misconduct, or a conscious, flagrant indifference to the rights or safety of the individual harmed by the teacher; and

(5) the harm was not caused by the teacher operating a motor vehicle, vessel, aircraft, or other vehicle for which the State requires the operator or the owner of the vehicle, craft, or vessel to -

(A) possess an operator's license; or

(B) maintain insurance.

(b) Exceptions to teacher liability protection

If the laws of a State limit teacher liability subject to one or more of the following conditions, such conditions shall not be construed as inconsistent with this section:

(1) A State law that requires a school or governmental entity to adhere to risk management procedures, including mandatory training of teachers.

(2) A State law that makes the school or governmental entity liable for the acts or omissions of its teachers to the same extent as an employer is liable for the acts or omissions of its employees.

ate (FOOTNOTE 1) law that makes a limitation of liability inapplicable if the civil action was brought by an officer of a State or local government pursuant to State or local law.

(FOOTNOTE 1) So in original. Probably should be ''(3) A State''.

(c) Limitation on punitive damages based on the actions of teachers

(1) General rule

Punitive damages may not be awarded against a teacher in an action brought for harm based on the act or omission of a teacher acting within the scope of the teacher's employment or responsibilities to a school or governmental entity unless the claimant establishes by clear and convincing evidence that the harm was proximately caused by an act or omission of such teacher that constitutes willful or criminal misconduct, or a conscious, flagrant indifference to the rights or safety of the individual harmed.

(2) Construction

Paragraph (1) does not create a cause of action for punitive damages and does not preempt or supersede any Federal or State law to the extent that such law would further limit the award of punitive damages.

(d) Exceptions to limitations on liability

(1) In general

The limitations on the liability of a teacher under this subpart shall not apply to any misconduct that -

   (A) constitutes a crime of violence (as that term is defined in section 16 of title 18) or act of international terrorism (as that term is defined in section 2331 of title 18) for which the defendant has been convicted in any court;

   (B) involves a sexual offense, as defined by applicable State law, for which the defendant has been convicted in any court;

   (C) involves misconduct for which the defendant has been found to have violated a Federal or State civil rights law; or

   (D) where the defendant was under the influence (as determined pursuant to applicable State law) of intoxicating

   alcohol or any drug at the time of the misconduct.

(2) Hiring

   The limitations on the liability of a teacher under this subpart shall not apply to misconduct during background investigations, or during other actions, involved in the hiring of a teacher.

(e) Rules of construction

   (1) Concerning responsibility of teachers to schools and governmental entities

   Nothing in this section shall be construed to affect any civil action brought by any school or any governmental entity against any teacher of such school.

   (2) Concerning corporal punishment

   Nothing in this subpart shall be construed to affect any State or local law (including a rule or regulation) or policy pertaining to the use of corporal punishment.

-SOURCE-

   (Pub. L. 89-10, title II, Sec. 2366, as added Pub. L. 107-110, title II, Sec. 201, Jan. 8, 2002, 115 Stat. 1668.)



Search USC, About Database, Download USC, Classification Tables, Codification


```
-CITE-
    20 USC Sec. 6738                                              01/22/02
-EXPCITE-
    TITLE 20 - EDUCATION
    CHAPTER 70 - STRENGTHENING AND IMPROVEMENT OF ELEMENTARY AND
        SECONDARY SCHOOLS
    SUBCHAPTER II - PREPARING, TRAINING, AND RECRUITING HIGH QUALITY
        TEACHERS AND PRINCIPALS
    Part C - Innovation for Teacher Quality
    subpart 5 - teacher liability protection
-HEAD-
    Sec. 6738. Effective date
-STATUTE-
    (a) In general
      This subpart shall take effect 90 days after January 8, 2002.
    (b) Application
      This subpart applies to any claim for harm caused by an act or
    omission of a teacher if that claim is filed on or after the
    effective date of the No Child Left Behind Act of 2001 without
    regard to whether the harm that is the subject of the claim or the
    conduct that caused the harm occurred before such effective date.
-SOURCE-
    (Pub. L. 89-10, title II, Sec. 2368, as added Pub. L. 107-110,
      title II, Sec. 201, Jan. 8, 2002, 115 Stat. 1670.)
-REFTEXT-
                          REFERENCES IN TEXT
      For the effective date of the No Child Left Behind Act of 2001,
```

referred to in subsec. (b), see section 5 of Pub. L. 107-110, set out as an Effective Date of 2002 Amendment note under section 6301 of this title.



Search USC, About Database, Download USC, Classification Tables, Codification

### §§ 22.051. Definition; Other Immunity

(a) In this subchapter, "professional employee of a school district" includes:

(1) a superintendent, principal, teacher, including a substitute teacher, supervisor, social worker, counselor, nurse, and teacher's aide <u>employed by a school district</u>;

(2) a teacher employed by a company that contracts with a school district to provide the teacher's services to the district;

(3) a student in an education preparation program participating in a field experience or internship;

(4) a school bus driver certified in accordance with standards and qualifications adopted by the Department of Public Safety of the State of Texas;

(5) a member of the board of trustees of an independent school district; and

(6) any other person employed by a school district whose employment requires certification and the exercise of discretion.

(b) The statutory immunity provided by this subchapter is in addition to and does not preempt the common law doctrine of official and governmental immunity.


### §§ 22.0511. Immunity From Liability

(a) A professional employee of a school district is not personally liable for any act that is incident to or within the scope of the duties of the employee's position of employment and that involves the exercise of judgment or discretion on the part of the employee, except in circumstances in which a professional employee uses excessive force in the discipline of students or negligence resulting in bodily injury to students.

(b) This section does not apply to the operation, use, or maintenance of any motor vehicle.

(c) In addition to the immunity provided under this section and under other provisions of state law, an individual is entitled to any immunity and any other protections afforded under the Paul D. Coverdell Teacher Protection Act of 2001 (20 U.S.C. Section 6731 et seq.), as amended. Nothing in this subsection shall be construed to limit or abridge any immunity or protection afforded an individual under state law. For purposes of this subsection, "individual" includes a person who provides services to private schools, to the extent provided by federal law.


### §§ 22.0512. Immunity From Disciplinary Proceedings for Professional Employees
(a) A professional employee of a school district may not be subject to disciplinary proceedings for the employee's use of physical force against a student to the extent justified under Section 9.62, Penal Code.
(b) In this section, "disciplinary proceeding" means:

(1) an action brought by the school district employing a professional employee of a school district to discharge or suspend the employee or terminate or not renew the employee's term contract; or

(2) an action brought by the State Board for Educator Certification to enforce the educator's code of ethics adopted under Section 21.041(b)(8).

(c) This section does not prohibit a school district from:

(1) enforcing a policy relating to corporal punishment; or

(2) notwithstanding Subsection (a), bringing a disciplinary proceeding against a professional employee of the district who violates the district policy relating to corporal punishment.

### §§ 22.0513. Notice of Claim

(a) Not later than the 90th day before the date a person files a suit against a professional employee of a school district, the person must give written notice to the employee of the claim, reasonably describing the incident from which the claim arose.

(b) A professional employee of a school district against whom a suit is pending who does not receive written notice, as required by Subsection (a), may file a plea in abatement not later than the 30th day after the date the person files an original answer in the court in which the suit is pending.

(c) The court shall abate the suit if the court, after a hearing, finds that the person is entitled to an abatement because notice was not provided as required by this section.

(d) An abatement under Subsection (c) continues until the 90th day after the date that written notice is given to the professional employee of a school district as provided by Subsection (a).

### §§22.0514. Exhaustion of Remedies

A person may not file suit against a professional employee of a school district unless the person has exhausted the remedies provided by the school district for resolving the complaint.

### §§ 22.0515. Limitation on Damages

The liability of a professional employee of a school district or of an individual that is entitled to any immunity and other protections afforded under the Paul D. Coverdell Teacher Protection Act of 2001 (20 U.S.C. Section 6731 et seq.), as amended, for an act incident to or within the scope of duties of the employee's position of employment may not exceed $100,000. The limitation on liability provided by this subsection does not apply to any attorney's fees or court costs that may be awarded against the professional employee under Section 22.0517.

### §§ 22.0516. Alternative Dispute Resolution

A court in which a judicial proceeding is being brought against a professional employee of a school district may refer the case to an alternative dispute resolution procedure as described by Chapter 154, Civil Practice and Remedies Code.

**§§ 22.0517. Recovery of Attorney's Fees in Action Against Professional Employee**

In an action against a professional employee of a school district involving an act that is incidental to or within the scope of duties of the employee's position of employment and brought against the employee in the employee's individual capacity, the employee is entitled to recover attorney's fees and court costs from the plaintiff if the employee is found immune from liability under this subchapter.